Mitchell v. Hannah and Hogg.

## F. H. Mitchell v. Alexander D. Hannah and David Hogg.
### Gen. No. 12,414.

1. EQUITY—*when will not take jurisdiction.* A court of equity will not take jurisdiction when there is a complete remedy at law.

2. INJUNCTION—*does not lie to restrain tenant from withholding possession.* Injunction does not lie to restrain a tenant from withholding possession from the landlord upon the ground that the right of possession by the landlord has accrued through his election to terminate the tenant's lease by reason of a provision therein giving him such election in the event of the building being rendered uninhabitable by fire—forcible entry and detainer is the remedy.

Injunctional proceeding. Appeal from the Circuit Court of Cook County; the HON. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed. Opinion filed October 6, 1905.

**Statement by the Court.** Appellees, the owners of the Brevoort House in Chicago, leased a store room on the first floor of said building to appellant for the term of five years from January 1, 1903. The lease contained the following clause: "In case said premises shall be rendered untenantable by fire or other casualty, the lessor may, at his option, terminate this lease, or repair said premises within thirty days, and failing to do so, or upon the destruction of said premises by fire, the term hereby created shall cease and determine."

April 18, 1905, appellees filed a bill in the Circuit Court against appellant, alleging that on February 14, 1905, said building was substantially destroyed and rendered untenantable by fire; that complainants elected to cancel said lease and notified the defendant in writing of such election; that said building had been destroyed by fire to the extent that it could not be repaired or made tenantable except by the destruction thereof and the erection of a new building on the site thereof; that complainants were about to erect a new building on said site at a cost of five hundred thousand dollars, and would be greatly damaged by any delay in the destruction of the old building; that the defendant refused to acquiesce in the decision of complainants that the fire had rendered the premises so leased to and occupied by him untenantable, and refused to surrender the possession thereof to complainants and was attempting to retain possession thereof and to extort from complainants a large sum of money for his consent to quit such possession; that the defendant was a man of small means, unable to respond to complainants for the loss they would sustain by any delay in demolishing said building, and that unless complainants could demolish said old building and enter upon the construction of a new building they would be subjected to great loss and damage, etc.

Upon the filing of the bill the court, without notice to the defendant, ordered that a writ of injunction issue commanding the defendant to desist and refrain from in any manner interfering with the complainants in their taking possession of the said premises claimed and occupied by the defendant, or from interfering with the complainants in demolishing said building, and that he desist and refrain from withholding possession of said premises from the complainants, and from this order the defendant appealed.

MILLS, GORHAM & MILLS and LACKNER, BUTZ & MILLER, for appellant.

DEFREES, BRACE & RITTER, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

Mitchell v. Hannah and Hogg.

There is no precedent either for this bill or for the order for a temporary injunction made upon it.

The lease was complete. The defendant took possession under it, and the question whether the effects of the fire were such as to give to the complainants, the lessors, the right to terminate the lease, under its terms, could be fully tried in a proceeding under the Forcible Entry and Detainer Act. The complainants had, therefore, a plain, adequate and complete remedy at law, and the case stated in the bill does not come within the jurisdiction of a court of equity. The doctrine that when there is a complete remedy at law, a court of equity will not take jurisdiction, is so familiar and well settled that the citation of authorities in its support is not necessary. "A court of chancery will sometimes decree an adverse claimant to deliver possession to the owner, but only when such relief is incidental to the main object of the bill, and when the power of the court has been called into action for some purpose that belongs to its legitimate jurisdiction." Cleland v. Fish, 43 Ill., 282.

"The sole object of an interlocutory injunction is to preserve the subject in controversy in its then condition. * * * It cannot be used for the purpose of taking property out of the possession of one party and putting it into the possession of another." High on Injunctions, sec. 3; Parker v. Shannon, 114 Ill., 192.

The sole object of the bill was the recovery of the possession, from the tenant, of the premises which had been leased to him by the complainants. This object was as effectually accomplished by the injunction which was issued in this case as it could have been by an order that in terms directed the defendant to surrender possession of the premises in controversy to the complainants. Courts of equity look to the substance, not to mere forms, and will not permit that to be done indirectly which may not lawfully be done directly.

These views of the case render it unnecessary to consider other questions that have been raised in the case.

The order appealed from will be reversed and the injunction dissolved.                                 *Reversed.*