W. J. RICHARDSON, Appellant, *vs.* ROBERT VANGUNDY *et al.* Appellees.

*Opinion filed February 16, 1916.*

1. REAL PROPERTY—*when remainder is vested subject to being opened to let in other remainder-men.* A deed conveying land to a person for her support for life and at her death to the heirs of her body·conveys an estate in fee tail at common law, which, under the Conveyances act, gives her a life estate with remainder in fee simple absolute in her children; but such remainder, while vested in the children already born, is contingent as respects the quantity until the death of the life tenant, and is subject to being opened to· let in other children of the life tenant as they are born.

2. PARTITION—*when existence of a life estate is no obstacle to partition.* The existence of a life estate is no obstacle to the partition of a remainder which is vested and of such a character that the court can determine the extent of the shares of the respective remainder-men.

3. SAME—*when remainder cannot be partitioned.* Partition of an estate in remainder subject to a life estate cannot be had if the members of the class of persons in which the remainder is vested cannot be definitely ascertained until the death of the life tenant, so as to set off their shares in severalty. (*Askins* v. *Merritt,* 254 Ill. 92, distinguished.)

APPEAL from the Circuit Court of Moultrie county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

WHITAKER, WARD & PUGH, for appellant.

W. R. HUFF, VAIL & MILLER, and CHARLES C. LE-FORGEE,·for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This suit was brought in the·circuit court of Moultrie county by the appellant, W. J. Richardson, by the filing of his bill against the appellees, Laura VanGundy, Daniel VanGundy, (her husband,) Elmer VanGundy in his own right and as conservator of said Daniel VanGundy, and Ro-

bert VanGundy, Dewey VanGundy and Carrie VanGundy Chipps, and a mortgagee, for the partition of eighty acres of land. The bill was twice amended and was demurred to by the defendants,—Dewey VanGundy, a minor, appearing by his guardian *ad litem*. The demurrers were sustained and the bill dismissed, and this appeal was prosecuted.

The facts alleged in the bill and admitted by the demurrers are as follows: Nimrod Neaves and wife on January 25, 1893, in consideration of love and affection and one dollar, conveyed to Laura VanGundy the east half of the southeast quarter of section 21, town 14, north, range 5, east of the third principal meridian, in Moultrie county, for her support for and during her natural life and at her death to the heirs of her body. John VanGundy, Robert VanGundy, Dewey VanGundy and Carrie VanGundy Chipps are the children of Laura VanGundy, the life tenant. John VanGundy and wife on September 20, 1913, conveyed to William Whitaker their interest in the land, and on February 18, 1914, Whitaker and wife conveyed the same to the complainant, W. J. Richardson. Judgments were obtained against Laura VanGundy and Daniel VanGundy, her husband, and through executions issued thereon and a sheriff's sale and deed the life estate passed to the defendant Elmer VanGundy.

A freehold estate having been conveyed to Laura VanGundy with a remainder limited by the same instrument to the heirs of her body, she would have been seized of an estate in fee tail at the common law, and by our statute she had a life estate, with remainder in fee simple absolute to her children. That remainder is vested in her four living children, but will open to let in the shares of children who may hereafter be born. (*Moore* v. *Reddel,* 259 Ill. 36; *Winchell* v. *Winchell,* id. 471.) The conveyance from John VanGundy, one of the children, to Whitaker, and from Whitaker to the complainant, vested in the complainant an undivided one-fourth of the remainder, subject to the life

estate and subject to the contingent event of the birth of another child to the life tenant, in which event the remainder would open to let in that child for its equal share. While the estate is vested in quality it is contingent in quantity and must remain uncertain in that respect until the death of the life tenant. The existence of the life estate now owned by Elmer VanGundy is no obstacle to a partition of a remainder which is vested and of such a character that the court can determine the extent of the respective shares. (*Scoville* v. *Hilliard,* 48 Ill. 453; *Drake* v. *Merkle,* 153 id. 318; *Deadman* v. *Yantis,* 230 id. 243; *Cummins* v. *Drake,* 265 id. 111.) Partition of an estate in remainder subject to a life estate cannot, however, be had if the persons in whom the remainder will vest cannot be definitely ascertained until the death of the life tenant, so that their shares may be set off in severalty. (*Ruddell* v. *Wren,* 208 Ill. 508.) Neither the complainant, nor any purchaser in case of a sale, will be entitled to the possession until the death of the life tenant, and the court cannot now determine the quantity of interest to which the complainant or such purchaser will be entitled at that time. The remainder is to a class as tenants in common, including all the children who may at any time be born to the life tenant, and the maximum number of shares cannot be determined until her death. As the number of the children may increase until the death of the life tenant it is now impossible to set aside in severalty to the tenants in common their different quantitative shares. The remainder is vested in so far as it is certain that whenever and however the preceding estate determines there are persons now in being who will surely come into possession of the land, but it is not certain what the number of persons will be, and in that sense the number and size of the shares are contingent. Gray on Perpetuities, (2d ed.) sec. 110*a.*

The estates in the case of *Askins* v. *Merritt,* 254 Ill. 92, upon which reliance is placed to establish the right of

the complainant to partition, were materially different. In that case the testator made a present devise of land to four named grandchildren, and also his homestead, subject to a life estate of his widow, with a provision that should any of the grandchildren die and leave no child, then that one's portion should go to the remaining ones living. The devise was of a fee which was base or determinable, because it might be cut short or displaced by the executory devise as to the share of either grandchild who should die childless. One of the grandchildren executed a quit-claim deed of his interest to the complainant, who filed the bill for partition, and it was held that the property could be partitioned. The fact that the fee of the complainant was determinable upon the happening of a subsequent event was regarded as affording no reason why he should not take and enjoy the estate which he had, as an owner of any other base or determinable fee might do. The share set off to him might be lost by the death of his grantor without a living child, in which event that share would go over to other children, but the partition made on his bill would not be disturbed in any manner. The share set off to anyone in partition may again become subject to partition either on account of the conveyance of an undivided interest, a devise, descent to heirs, or by any other means which would create diverse interests, and if that fact would prevent a partition one could never be made. In this case, if the court should attempt a partition the interest of any subsequently born child would not attach to some particular share set off in the partition but would attach to the whole property, and such child would have a right to the partition of the entire premises. A partition, therefore, could not be regarded as final or determining the rights of the parties in any different sense from the case of a contingent remainder. Neither the complainant nor a purchaser would be entitled to possession until the death of the life tenant, when the maximum number of the class will be fixed and determined, and as the court

could not now determine the extent of the respective shares and interests partition cannot be made, and the court did not err in sustaining the demurrers.

The decree is affirmed.

*Decree affirmed.*