(No. 21743.— )

MARIUS R. DAUBMAN *et al.* Appellants, *vs.* WILLIAM F. DAUBMAN *et al.* Appellees.

*Opinion filed June 22, 1933.*

PERRY H. HILES, for appellants.

W. P. EARLY, and O'NEILL & O'NEILL, for appellees.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

A bill of complaint was filed in the circuit court of Madison county to construe the last will and testament of Henry J. Daubman, deceased, and for partition of certain

lands. The testator died April 15, 1920. His will was executed September 29, 1919, and admitted to probate July 30, 1920. The questions of construction arise over the second and fourth items of the will, which are as follows:

"*Item Second*—It is my will, and I do so direct,—that subject only to said expenses, charges and debts, and the payment and satisfaction thereof, none of the real estate, which I may own, possess, or have any interest in or right to, at the time of my decease,—except as hereinafter directed,—shall be sold, during the lifetime of my six children, Ella F. Daubman Ford, Harry J. Daubman, William F. Daubman, Marius R. Daubman, Charles J. Daubman, George W. Daubman, and not during the lifetime of any survivors or survivor of them;—but, 'that said real estate shall be kept rented out, and the rent and income thereof, so long as my said children, or any of them, shall be living—after deducting therefrom taxes, insurance and repairs, shall be divided quarter-yearly,—into as many equal parts or portions as there may be, at any such quarter-yearly division, then living ones of my said six children, and then deceased ones of my said six children, who may have died, before such division, leaving direct lineal issue, who shall be living at the time of such division, and one of said parts or portions shall be paid to each and every one of my said six children, who shall be living at the time of such quarter-yearly division,—and, another of said parts or portions shall be paid to all the then living direct lineal issue or descendants of each and every one of my said six children, who may have died before the time of such division, leaving such direct lineal issue or descendants, who shall be living at the time of such division:—'

"*Item Fourth*—It is my will, and I do so direct;—that, at the death of the longest living one of my said six children above named, all said estate and property of every sort, kind and description, in whatever form or condition the same may be, or have assumed, by virtue of the author-

ity and powers herebefore given and conferred and the exercise thereof, and all the undivided rents, interest, income and profits thereof shall go to, become and be the absolute estate and property of such child or children, (direct and immediate issue) of my six children (one daughter and five sons) as may be then living, in equal shares or portions,—each one of such children, grandchild of myself, to have one equal share or portion,—with every other child, no matter how many or how few may be the issuè then living of any one of my said six children, respectively,—provided, however, that the child or children (direct and immediate issue) of any then deceased son or daughter of any one of my said six children above named shall have the same part or portion of said estate and property as the then deceased parent of such child or children would have, if then living, have been entitled to have and receive, being issue of any then deceased grandchild of mine :—"

The testator left surviving him five sons and one daughter.  Children and grandchildren have been born to some of the immediate children of the testator.  The bill alleges that under the will each child of the testator became seized of a life estate in an undivided one-sixth of the real estate sought to be partitioned; that the remainder after the death of the last survivor of the six children is contingent, and that the reversion of the real estate was not disposed of by the will and passed by descent to the six children.  The alleged rights and interests of the parties as contingent remaindermen are set out.  The prayer of the bill is that the court ascertain the interests of the parties and construe the meaning of the will, and in case the premises cannot be divided that they be sold and a trustee appointed to take and invest the proceeds of sale belonging to the remaindermen.  Answers were filed and the cause referred to the master in chancery, who reported findings and conclusions substantially in accord with the prayer of the bill.  Exceptions to the report were sustained and a decree was en-

tered dismissing the bill for want of equity. From that decree complainants have prosecuted an appeal to this court.

The exception in item 2 refers to land which is not involved in this litigation.

Defendants contend that complainants are not entitled to a partition because the second clause of the will is a restriction against any sale or partition of the real estate during the lifetime of any of the six children; that a fee simple title to the premises is vested in the grandchildren living at the time of the death of the testator, subject to be opened up to let in after-born grandchildren, and also subject to the right of the six children to the income during their respective lives. It is further contended that there can be no partition of a remainder, whether vested or contingent, until it can be ascertained who are the remaindermen, and that in the instant case that fact cannot be determined until the death of the last survivor of said six children.

The general rule is that a preceding life estate is no obstacle to partition of a vested remainder of such a character that the court can determine the extent of the respective shares. Partition of a remainder subject to a life estate cannot, however, be made if the class of persons in whom the remainder will vest cannot be definitely ascertained until the death of the life tenant. (*Richardson* v. *VanGundy,* 271 Ill. 476; *Gibbs* v. *Andrews,* 299 id. 510.) In the present case it is unnecessary to determine whether the remainder is vested or contingent or what are the rights and interests of the several remaindermen. The language of clause 2 unequivocally provides that none of the real estate in controversy shall be sold during the time any of the six children survive, and that during such time the net rent shall be divided quarterly among them or their descendants, *per stirpes.* It is evident that the testator purposed to postpone any sale or division of the land until after the death of the last survivor of his six children and that meanwhile they should enjoy the rents. The will definitely fixes

a time when the estate shall be partitioned and expressly forbids a division prior to that time. Partition will not be awarded in violation of the restriction imposed by the testator, regardless of whether the estate is vested or contingent. (*Heininger* v. *Meissmer*, 261 Ill. 105.) Equity will not award a partition at the suit of one who seeks it in violation of a condition or restriction imposed upon the estate by the person who created it. (*Dee* v. *Dee*, 212 Ill. 338; *Cox* v. *Johnson*, 242 id. 159.) Such a condition or restriction in the instrument conveying the estate is not invalid as repugnant to the estate granted or as against public policy. *Dee* v. *Dee, supra; Cox* v. *Johnson, supra; Hunt* v. *Wright*, 47 N. H. 396.

In the year 1928 complainants executed deeds to C. N. Streeper, who afterwards re-conveyed to complainants. These conveyances were made for the purpose of merging the life estates with the alleged reversions and destroying any contingent remainders. Complainants insist that because of such conveyances the will should be construed in order to clarify the rights of the parties and clear the title to the premises. Since the act of 1921 relating to future interests, (Smith's Stat. 1931, chap. 30, par. 40,) contingent remainders cannot be defeated by the determination of any precedent estate prior to the happening of the contingency on which the future interest is limited to take effect. The making of the conveyances mentioned did not create a situation requiring a construction of the will.

Complainants also contend that the will makes no disposition of the share of the rent belonging to any of the six children dying without issue surviving. The method provided by the second clause for the distribution of the rent explicitly covers any situation that may arise prior to the death of the last survivor of the six children. The language of each of the two clauses of the will in controversy is not ambiguous and no occasion is presented requiring a court of equity to construe the will or any of its clauses.

*Chicago Title and Trust Co.* v. *City of Waukegan,* 333 Ill. 577.

The decree of the circuit court dismissing the bill for want of equity is therefore affirmed.

*Decree affirmed.*