James Conlan, Complainant, v. James B. Sullivan et al., Defendants. James Conlan and Walter J. Sullivan, Appellants. Frank A. O'Donnell, Appellee.

Gen. No. 37,598.

Heard in the second division of this court for the first district at the October term, 1934. Opinion filed May 24, 1935.

ALTHEIMER, MAYER, WOODS & SMITH, of Chicago, for appellants; GIDEON S. THOMPSON and JOHN P. Mc-GOORTY, JR., both of Chicago, of counsel.

FRANCIS E. CROARKIN and EDWARD McTIERNAN, both of Chicago, for appellee; FRANK A. O'DONNELL, of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

James Conlan, as surviving trustee under the last will and testament of Charles H. Sullivan, deceased, filed a bill praying for a construction of certain paragraphs of the will and the direction of the court in reference to the same.

The sole question before us relates to the construction of paragraph 34 of the will, which is as follows:

*"Paragraph Thirty-Four:* I hereby request my executors and trustees or such person or persons who may serve as such executors and trustees or either executor or trustee to employ my friend, Frank A. O'Donnell, as their attorney in the administration of my estate, and to pay him such compensation as may be proper for such services or advice as he may be requested to render, and shall render in the administration of my estate."

The bill alleges that the executors of the estate employed defendant Frank A. O'Donnell (appellee) as their attorney in the settlement of the estate in the probate court and paid him for said services; that the trustees, under the will, after they entered upon their duties, did not employ appellee as their attorney; that they, in the exercise of their best judgment and discretion and acting for what they believed to be the best interests of the trust estate, employed other attorneys; that their right to dispense with his services and to employ other attorneys has been challenged by appel-

lee, who claims that under the provisions of paragraph 34 the trustees were obligated and bound to employ him as attorney and legal adviser during the entire existence of the trust estate; that complainant is advised that said provisions are not mandatory but are merely an expression of the desire of the testator; that the duties and obligations of the trustees in the management and administration of the trust estate involve the handling of property of great value, and as the obligation and duty to faithfully and wisely administer the trust rests solely upon the trustees it is necessary that they have the right to employ such counsel as in their judgment and discretion seem best qualified to advise and direct them. The bill prays that the court decree that paragraph 34 is not mandatory nor binding upon them, that it is the duty of the trustees to employ such counsel as in their best judgment and discretion shall be for the best interests of the trust estate, and that appellee has no right or claim under the provisions of the will against the trust estate nor against the trustees. The pertinent part of appellee's answer prays that paragraph 34 be construed to mean that he is the duly appointed attorney and legal adviser for the executors and trustees, and their successors in office, and that said paragraph is a direction and command to the executors and their successors in office to retain him as attorney and legal adviser in all matters relating to the administration of the estate until the final distribution thereof or until he may be discharged by the order of court, and that the trustees have no legal right or authority to refuse to employ him as attorney and legal adviser in the administration of said estate or to employ other counsel in lieu of appellee, and further prays that the trustees may be ordered and directed to comply with the provisions of paragraph 34, "and that such employment continue uninterrupted from and after the death of decedent."

The testator, Charles H. Sullivan, died October 9, 1929. By his will he devised to James Conlan (complainant) and Dennis J. O'Brien, trustees, the residue of his large estate in trust for certain purposes after the estate had been closed in the probate court. The will was probated on October 28, 1929, and letters of administration issued to Conlan and O'Brien, executors. When the estate was closed in the probate court on December 22, 1930, the assets were turned over to Conlan and O'Brien as trustees, and they administered the trust estate until January 17, 1932, on which date O'Brien died, and thereafter Conlan administered the estate as sole surviving trustee. Complainant, by amendment to his bill, suggested the appointment of someone of the beneficiaries under the will to act as cotrustee with him, and by the final decree Walter J. Sullivan was appointed cotrustee. He joins with Conlan in this appeal.

The facts were stipulated. The final decree entered construed paragraph 34 as follows:

"That the language contained in said paragraph Thirty-four constitutes a command to the Executors and Trustees designated in said will and their successors in office to employ said Frank A. O'Donnell as their attorney during the administration of said Estate, and to pay him such compensation as might be proper for such services or advice as he might be requested to render and should render in the administration of said Estate and that by the terms of said Paragraph Thirty-Four a trust was created in favor of Frank A. O'Donnell; the Court further finds that the intention of the Testator is clear that the Executors and Trustees named in said Last Will and Testament, and their Successors in Trust, should employ the said Frank A. O'Donnell as their attorney and adviser throughout the administration of said Estate until the trust estate has been fully and completely adminis-

tered and that they had at no time any right, power or authority to refuse or neglect to so employ him; that the said Frank A. O'Donnell has been at all times, and is now, ready and willing to render such service and advice as was contemplated by the Will.''

The trustees were ''ordered, directed and decreed to follow and comply with Paragraph Thirty-four of said Will as defined and construed herein.'' It is from the foregoing portion of the decree that the trustees (appellants) have appealed.

The theory of appellants is that by paragraph 34 the testator merely expressed a wish that appellee be employed as attorney for the trustees so long as his employment, in their judgment, was for the best interests of the trust estate; that the responsibility for the proper administration of said estate rests solely upon the trustees and not upon their attorney, and that it is the absolute right and duty of the trustees, when legal aid is necessary, to employ such attorneys as in their best judgment and discretion are best fitted to advise them, and whose employment is for the best interests of said trust estate and of the beneficiaries thereunder. Appellants further contend that paragraph 34 did not create a trust in favor of appellee.

The theory of appellee is ''that paragraph 34 creates a trust in favor of defendant, and that the trustees had no right, power or authority to discharge, or to attempt to discharge him, and that such power is possessed only by a Court of competent jurisdiction, upon a proper showing. . . . That the clearly expressed wish of the testator is equivalent to a positive direction or command; and that a trust was thereby created in favor of defendant.''

The general rule as to the right of a client to change or to discharge an attorney is thus stated in 6 C. J. 676-678:

''The law is well settled that a client has the right to discharge his attorney at any time either with or with-

out cause. . . . The relation between attorney and client is such that the client is justified in seeking to dissolve that relation whenever he ceases to have absolute confidence in either the integrity, the judgment or the capacity of the attorney. . . . This right of discharge exists even though a contingent fee has been agreed upon, or an irrevocable power of attorney has been given, or the attorney has rendered valuable services under his employment, or the client is indebted to him therefor, or for moneys advanced in the prosecution or defense of the action. There is an exception, however, where the attorney has acquired an interest in the property.''

Numerous authorities cited support the above statement of a settled rule of law. Appellee, as we understand his argument, does not question the rule stated in Corpus Juris, but contends that by the language of paragraph 34 the testator clearly directed or commanded the trustees to employ him as their attorney in the administration of the trust estate and that thereby the testator created a trust in his favor. Neither of the parties has cited any Illinois authority bearing upon the question before us, nor have we, in our search, found any. Other courts, however, have passed upon the question. In the case of *In re Thistlethwaite,* 104 N. Y. S. 264, the court was called upon to interpret the following provision in the will of one Bickford, who left a very large and valuable estate:

''Thirteenth. I *direct* and desire that my friend, Charles McLouth, the draftsman of this will, who has been my attorney and adviser for many years and has had charge of all my legal business, shall be continued in the management of my estate, so far as legal advice or assistance shall be necessary or had by my executors.'' (Italics ours.)

The executors employed McLouth in certain legal matters pertaining to the estate, for which they paid him. Thereafter, when it became necessary to employ an

attorney, they employed Clarence E. Shuster. Mc-
Louth made a claim that under the thirteenth para-
graph of the will he alone should have been employed,
that he was the only person entitled to any compensa-
tion from the estate for legal services, and that he was
entitled to all the compensation which in the course of
administration of the estate it became necessary or
expedient for the executors to incur for such serv-
ices. McLouth further contended that the paragraph
"creates for him a trust and beneficial interest in the
estate, and was intended to be a legacy from the testa-
tor to him, and that he has an interest and standing in
these proceedings substantially the same as any other
legatee." The court held that the paragraph did not
create a trust and that the executors were legally justi-
fied in employing Shuster. The claim of McLouth was
disallowed. It will be noted that in that case the testa-
tor used the word "direct." In the instant case the
testator used the word "request." In the case of *In re
Ogier,* 101 Cal. 381, the will of the testator contained
the following provision:

"28. I hereby select as the attorney of my estate
John W. Mitchell, and *direct* my executrix to consult
and employ him in all matters pertaining to the dis-
tribution of my estate, and the requirements of this
my last will." (Italics ours.)

It was held that this provision was not binding upon
the executrix but was simply an advisory provision
which she might disregard, if she chose to do so, by
the employment of other attorneys. In *Young v. Alex-
ander,* 16 Lea (84 Tenn.) 108, the will contained the
following clause:

"8. I hereby *nominate and appoint* my nephew,
M. B. Young, of Jackson county, Tennessee, as ad-
visory and counsel of my said executors, who will
assist them in winding up my unfinished and unsettled
business." (Italics ours.)

The executor refused to employ Young as counsel, whereupon the latter filed his bill to compel the executor to recognize him as the legal adviser and counsel, "and to give him all the legal business of the estate that required the services of an attorney, and to enjoin the executor from employing any other attorney or counsel except himself," etc. The court held that clause 8 was not binding upon the executor and that he might ignore the provision and employ other counsel at his discretion; that "however persuasive such a provision may or might be, it can only be effective as an advisory provision." In 41 Harvard Law Review 709 is an article on "Testamentary Directions to Employ." The author reviews all of the cases of which we are aware that bear upon the subject, and his conclusion is (p. 719):

"It would seem that the cases which universally hold that a trustee or executor is not bound to employ an attorney designated by the testator are clearly correct." (Citing cases.)

The author states (pp. 720, 721):

"Public policy may well be held to require that the trustee should not be hampered in the administration of the trust by requiring him to employ a particular person in the administration of the trust. This seems to be clear where the trustee can show that the designated person is unfit to be employed. It may also be held to be so even though the person is not shown to be unfit. . . .

"Only two cases have been found in which a direction to a trustee to employ a person has been specifically enforced. In *Hibbert v. Hibbert*, 3 Mer. 681 (1808), a testator directed that a certain person should be appointed 'receiver' of his estate in Jamaica and stated that he made this appointment for the sake of benefiting him in a pecuniary point of view. The court appointed him as receiver or 'consignee' as he was

called in Jamaica. The trustees under the will contended that he should not have been appointed because they did not regard him as duly qualified for the position and that in any event he should be required to give security. Sir William Grant, M. R., held that, in view of the testator's direction, it was proper to appoint him and that he should not be required to give security other than his personal recognizance.

"In *Williams v. Corbet,* 8 Sim. 349 (1837), a testator created a trust and directed the trustees to employ the plaintiff to audit the accounts of his estate. Shadwell, V. C., held that the direction was binding upon the trustees and that the plaintiff was entitled to maintain a bill to prevent them from removing him from the position of auditor. The opinion is very brief and there is no discussion of the principles involved."

Appellee cites *Hibbert v. Hibbert,* 3 Mer. 681, *supra,* and *Williams v. Corbet;* 8 Sim. 349, *supra,* in support of his position. In each case the testator used the word "direct." In the much later case of *Foster v. Elsley,* 19 Chan. Div. 518 (1881), the chancellor was called upon to interpret the following provision in the will of one Upfield:

" 'And I *declare* that my solicitor, William Edward Foster' (the Plaintiff), *'shall be the solicitor* to my estate and to my said trustees in the management and carrying out the provisions of this my will.' " (Italics ours.)

The trustees employed Foster as their solicitor up to October 13, 1881, when he received a letter from certain solicitors stating that they were instructed by the trustees to ask for the immediate delivery of all deeds, documents and securities in his possession relating to the estate of the testator; also an account of costs due to the plaintiff, and also for an appointment for them to attend at the plaintiff's office and pay such costs and to receive the documents. Plaintiff moved to re-

strain defendants from employing any person other than the plaintiff as solicitor to the estate or in any business relating to the management or carrying out of the provisions of the will. The solicitor for the plaintiff, in support of the motion, stated:

"The testator has thought fit to appoint Mr. Foster solicitor to his estate and to his trustees, and they cannot, I submit, arbitrarily remove him from the office, nothing being charged against him in the discharge of his duties. *I rely upon Williams v. Corbet (1) and Hibbert v. Hibbert* (2)." (Italics ours.)

The defendants cited *Shaw v. Lawless,* 5 Cl. & Fin. 129, 7 Eng. Rep. 353 (1838), and *Finden v. Stephens,* 2 Phill. 142 (1846). The chancellor held: "The direction in this will imposes no trust or duty on the trustees to continue the Plaintiff as their solicitor." In the opinion the chancellor cites in support of his ruling *Finden v. Stephens, supra,* and *Shaw v. Lawless, supra.* In the last case cited, a bitterly contested one, the House of Lords reversed the judgment of the court below and held that the following words did not create a trust in favor of Lawless:

"And it is also my particular desire that my said executors, whilst acting in the management of all or any of my affairs under this my will, as also my friend W. S. when he shall enter into the receipt and perception of my said rents of K. V. and K., shall continue the said B. E. L. in the receipt and management thereof, and likewise shall employ and retain him in the receipt, agency, and management of the rents and issues of such other lands and premises as shall and may be purchased and settled in pursuance of the directions hereinbefore contained, at the usual fees allowed to agents, he having acted for me since I became possessed of said estates fully to my satisfaction."

*Williams v. Corbet, supra,* and *Hibbert v. Hibbert, supra,* therefore, have been overruled by the later de-

cisions of the English courts. In *Jewell v. Barnes' Admr.*, 110 Ky. 329, the provision in the will was:

"I desire that my friend Robert M. Jewell be retained in the employ of the firm on such liberal terms as his long and faithful service entitles him to."

The court held that this provision did not create a precatory trust and that the widow, having bought the brother's interest in the business, was under no obligation to keep Jewell in her service.

After a careful examination of the authorities that bear upon the question involved in the instant appeal, we have reached the conclusion that paragraph 34 of the will did not create a trust in favor of appellee. The law appears to be that a trustee or executor is not bound to employ an attorney even though the will uses such words as "direct," "command" or "appoint." In the instant case the words used are expressive of nothing more than a mere request.

That portion of the decree of the superior court of Cook county that construes paragraph 34 of the will of Charles H. Sullivan, deceased, is reversed, and the cause is remanded with directions to amend that portion of the decree in accordance with the views herein expressed.

*Decree reversed in part and cause remanded with directions.*

FRIEND, P. J., and SULLIVAN, J., concur.