Claude U. Stone, Trustee and Executor under Will of Fannie G. Baldwin, Deceased, Appellee, v. Sidney Baldwin et al., Appellees. Edward B. Hayes, Appellant.

**Gen. No. 10,109.**

422

Opinion filed April 18, 1947.
Rehearing denied. June 23, 1947.    Released for publication June 23, 1947.

CLARENCE W. HEYL, of Peoria, for appellant; and EDWARD B. HAYES *pro se*; STEPHEN A. MILWID, of Chicago, of counsel.

GEORGE Z. BARNES, of Peoria, for appellee.

MR. JUSTICE BRISTOW delivered the opinion of the court.

This is an appeal from an order of the circuit court of Peoria county, entered in a hearing on a petition for instructions filed by Claude U. Stone, trustee of a testamentary trust, and authorizing the trustee to pay the proportionate share of income to the beneficiary Sidney Baldwin, on her sole receipt rather than on the joint receipt of the said beneficiary and her former attorney, the respondent Edward B. Hayes, as provided in a prior decree.

The salient facts appearing in the record are that under the terms of the will and codicil of Fannie G. Baldwin, deceased, a trust was established whereby the respondent Sidney Baldwin was a beneficiary of 60 per cent of the income of the estate, and the respondents Helen Baldwin Smith and Margaret Baldwin Holley, granddaughters of the deceased, were the beneficiaries of the remaining 40 per cent. Notwithstanding a clause in the will providing for forfeiture by any beneficiary who instituted proceedings to contest or nullify the will, the said Sidney Baldwin instituted two suits, one claiming ownership of certain stock of the Peoria Star Company, the primary asset of the estate, and the other to contest and set aside the will of Fannie Baldwin. The said beneficiary also sought to block a loan which the estate was endeavoring to make to pay taxes and other debts.

The first suit was decided against Sidney Baldwin, and, thereafter, she and the other beneficiaries entered into an agreement which was subsequently incorporated in a consent decree entered by the circuit court on September 19, 1945.

This decree recited that the parties agreed to accept and abide by the terms and provisions of the will and codicil of Fannie G. Baldwin, set forth therein, and to abandon the will contest, the notice of forfeiture, and all other differences heretofore obtaining between them. It further authorized the trustee to make a loan to pay debts of administration and taxes, which loan

would be repaid out of income and corpus, and provided that the payments of income should be made to the beneficiaries upon their receipt and the receipt of their respective attorneys named therein.

After the entry of this consent decree, the will contest was dismissed, and the trustee proceeded to fulfill his duties according to the terms of the decree. On November 29, 1945, however, Sidney Baldwin notified the trustee that Edward B. Hayes was no longer her attorney and instructed the trustee to make all subsequent payments directly to her and on her sole receipt. The trustee, thereupon, filed this petition for instructions with reference to the new state of facts, calling the court's attention to the ''spendthrift trust'' provision of the will of Fannie G. Baldwin, and requesting that Edward B. Hayes be made a respondent to the proceeding. Although the latter did not appear personally, or file an answer, he did appear by counsel, but neither made any offer of evidence nor indicated that he had any claim against the estate or against the beneficiary, Sidney Baldwin.

The court entered an order in that proceeding finding that Sidney Baldwin did discharge the respondent, Edward B. Hayes, as her solicitor; that any effort by Sidney Baldwin to make an assignment of the income under the will would be invalid; and that the provision in the consent decree—''upon her receipt and the receipt of Edward B. Hayes, her solicitor''—contemplated Edward B. Hayes continuing in that capacity. Inasmuch, however, as he had been discharged, this provision in the decree was no longer effective, and the court ordered that any available funds should properly be paid to Sidney Baldwin on her sole receipt.

The respondent, Edward B. Hayes, immediately appealed therefrom to this court. The sole issue to be determined herein is whether the order of the circuit court recognizing the discharge of Edward B. Hayes

as solicitor for Sidney Baldwin and directing that payments be made by the trustee upon the sole receipt of Sidney Baldwin was within the jurisdiction of the court.

It is an established principle of law that a court of equity has plenary jurisdiction in the administration of estates in the hands of trustees. (*Patterson v. Vermilion Academy,* 312 Ill. 386; 54 Am. Jur., p. 219.) In the instant case, by the terms of the decree of September 19, 1945, the court of equity took jurisdiction of the trust established by the will of Fannie G. Baldwin.

A petition for instructions submitted by a trustee in a bona fide attempt to construe the instrument which established the trust is a recognized procedure honored by the courts. (*Conlan v. Sullivan,* 280 Ill. App. 332.) In the instant case, the trustee was confronted with interpreting the provisions in the consent decree of September 19, 1945 which referred to Edward B. Hayes as the solicitor of Sidney Baldwin and directed that he receipt payments of income, in the light of the notification that Edward B. Hayes had been discharged. This problem was further complicated by the provision in the will of Fannie G. Baldwin prohibiting the beneficiaries from assigning any part of their interests in the estate. Clearly, under these circumstances, there was ample justification for the filing of a petition for instructions.

In determining the propriety of the findings of the court in the hearing on this petition, it is apparent that a client may dismiss an attorney at any time, with or without cause, for the client is entitled to be represented by an attorney in whose ability and fidelity he has confidence. (*Conlan v. Sullivan, supra; Doggett v. Deauville Corp.,* 148 F. (2d) 881; *Almon v. American Carloading Corp.,* 380 Ill. 524.) Where, however, the attorney has been guilty of no miscon-

duct, the courts may require the payment of fair compensation for his services. (124 A. L. R. 725, note; 5 Am. Jur. p. 284.)

In the case under consideration, therefore, Sidney Baldwin would properly be entitled to discharge the respondent, Edward B. Hayes, and the order of the court recognizing the termination of his services with reference to this trust would be in accordance with the law, unless anything contained in the decree of September 19, 1945 barred his discharge from this cause.

Respondent Hayes contends that the reference to his name in the following provision of the decree established his status thereunder, and that the subsequent order of the court was void as an improper modification of the consent decree. "Second: The balance of such income realized in any calendar year up to a total of $20,000.00 shall be paid as to 40% thereof to Helen Baldwin Smith and Margaret Baldwin Holley upon their several receipts and the receipt of Jerome J. Crowley, their solicitor, and as to 60% thereof to Mildred Sidney Baldwin upon her receipt and the receipt of Edward B. Hayes, her solicitor, (or upon the receipt of such other solicitors for the said parties respectively as they may nominate in the event of death, written resignation, or legal incompetency of such solicitors, respectively) and not otherwise."

One of the fundamental canons of judicial construction is that a decree must be interpreted in its entirety. The decree of September 19, 1945 specifically confirmed the will, and recited that the parties agreed to abide by its terms. Under Item V, par. 16 of the will, a spendthrift trust is established whereby the beneficiaries are prohibited from assigning their respective interests in the estate. Therefore, respondent's contention that the receipt provision granted him an interest in the estate is in direct conflict with

this provision of the will. The receipt clause, furthermore, by its own terms, recognizes that receipts may be given by attorneys other than those named therein, and enumerates several obvious contingencies for such changes. Of even greater significance, however, is the fact that in the proceeding which culminated in the decree of September 19, 1945, the respondent Edward B. Hayes had no claim for fees or of any other nature against the estate or against the beneficiary. He was neither a party nor had any rights which were adjudicated therein. He merely acted as attorney of record for Sidney Baldwin and was referred to as such in this provision of the decree.

This is not a case where a party to a consent decree is endeavoring to review the decree and breach the contract sanctioned by the court. (*Bergman v. Rhodes,* 334 Ill. 137.) Respondent Hayes was not a party to the consent decree. He had no rights determined in that proceeding. The mere reference to him as the solicitor of one of the beneficiaries cannot be construed as gratuitously granting him an interminable interest in the income from the estate accruing to the beneficiaries under the will of Fannie G. Baldwin in direct violation of other provisions of that will. The only logical interpretation of the words "Edward B. Hayes, her solicitor" in the receipt provision is that they are words of description and identification.

The respondent Hayes has cited numerous cases in support of his contention, none of which appear to be determinative of the issue presented herein. In *Doggett v. Deauville Corp.,* 148 F. (2d) 881, where an attorney who had been discharged from the case appealed from a dismissal of the action by his former client, the court upheld his right to appeal on the ground that upon his discharge the lower court in a hearing for substitution of attorneys determined that his fee could be subsequently asserted as a lien on anything recovered in the action. The court held,

however, that although he had a right to appeal, since the matter of his fees had become an issue in the cause, nevertheless, it was proper for the court to direct that the matter of the attorney's compensation under his contract should be determined in a plenary suit against his client. The court stated, moreover, at p. 882, "It is everywhere recognized that a client may dismiss his attorney at any time with or without cause." This rule is qualified only by the practice that a court may require as a condition of replacement the payment of fair compensation to the attorney. This decision is clearly consistent with the Illinois cases and with the weight of authority. (*Conlan v. Sullivan, supra;* 124 A. L. R. 725; 6 Corpus Juris 676–8.)

In the instant case, there is no question of the respondent being deprived of his fees as in the *Doggett* case, *supra*. The decree of September 19, 1945 made no reference to the matter of fees nor were there any other rights of the respondent determined in that proceeding. In the hearing on the petition for instructions by the trustee, from which this appeal is prosecuted, the court gave the respondent every opportunity to assert whatever claims he may have had against the estate or against the beneficiary, but none were made, nor was any evidence offered with reference thereto. It is readily apparent, therefore, that the *Doggett* case is not an authority to sustain respondent's contention either on its facts or with reference to the rule of law promulgated therein.

Both the petitioner and the respondent Edward B. Hayes have cited the case of *Almon v. American Carloading Corp.*, 380 Ill. 524, in support of their respective arguments. In that case, plaintiffs objected to defendant's counsel, and an interlocutory order was entered directing the attorney to discontinue as counsel in the proceeding. From this order, defendants and the attorney appealed. The court held that the attorney was not entitled to prosecute an appeal

from this interlocutory order, but stated that one not a party of record but merely an attorney in a cause may, under some circumstances, review a decree or judgment. His interest, however, must appear in the record, and that interest must be such as to make it appear that he takes or loses something directly by the judgment or decree he challenges.

In the instant case, the issue is whether Edward B. Hayes, by virtue of being named in the decree as Sidney Baldwin's attorney, and in that capacity was directed to give a receipt for payments made to the beneficiary, acquired such an interminable interest in the estate of Fannie G. Baldwin as to prevent him from thereafter being discharged. Therefore, there is nothing contained in the *Almon* case which can be construed as establishing a criteria for the disposition of the instant cause. Nor is there anything contained in *Bradshaw v. Lucas*, 214 Ill. App. 218, relied upon by the respondent, to constitute a precedent herein. In that case a beneficiary of a spendthrift trust was adjudged incompetent, and a conservator was appointed. The latter demanded an accounting from the trustee, and in a consent decree the court ordered that the trustee pay the conservator specified sums for the support of the incompetent beneficiary. Thereafter, the beneficiary filed a petition in his own name, and asked for a guardian *ad litem* to be appointed, and prayed further that the trustee pay the money directly to him. The court held that inasmuch as the beneficiary was adjudged to be incompetent, the trustee must deal with the conservator, for an incompetent has no legal power to act for himself. It appears that the court rejected the beneficiary's petition for payments to be made to himself, not because of the prior consent decree, but because the beneficiary was legally incompetent.

In the light of the foregoing analysis of the terms and purport of the decree of September 19, 1945 and of the authorities submitted herein, this court is

of the opinion that the respondent, Edward B. Hayes, as the solicitor for Sidney Baldwin acquired no interest in the estate of Fannie G. Baldwin; that no rights of his were either adjudicated in that proceeding or voluntarily conferred by the consent decree entered there; that Sidney Baldwin had the power and the right to discharge him as her attorney; and that the court, in the subsequent order of April 29, 1946 on the petition of the trustee, properly recognized this discharge and properly decreed that payments of income thereafter be made by the trustee on the sole receipt of the beneficiary Sidney Baldwin. This order of the court should therefore be affirmed.

*Judgment affirmed.*