**Western Theological Seminary, a Corporation, Plaintiff-Appellee, v. City of Evanston, a Municipal Corporation, Bert W. Johnson, City Manager, and Norman E. Schmidt, Director of Building, Defendants-Appellants.**

Gen. No. 48,589.

First District, Second Division.

February 23, 1962.

Rex A. Bullinger, of Evanston, Ross, McGowan & O'Keefe, of Chicago (Richard F. Babcock, Russell A. Behrens, and R. Marlin Smith, of counsel), for appellants.

Dallstream, Schiff, Hardin, Waite & Dorschel, of Chicago (Lester G. Britton, Alexander L. Polikoff and William A. Montgomery, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court:

This is an appeal from a decree of June 29, 1961 enjoining the City of Evanston, its officers and employees from enforcing the present or any future zoning ordinance with respect to plaintiff Western Theological Seminary's proposed married students' residence hall to be erected upon plaintiff's purchased premises, and from denying plaintiff the right to erect and use upon said purchased premises a married students' residence hall or other building suited to plaintiff's uses and purposes in connection with its theological seminary.

This case involves the proper construction of a prior decree entered by the Circuit Court of Cook County on December 19, 1927, as that decree relates to the parcel of property here in dispute and referred to as the "purchased premises."

In 1923 the Seminary moved to Evanston and acquired certain "leased" premises and contiguous "purchased" premises in Block 84 in Evanston and embarked on a building program. Subsequent to the acquisition of both premises, the Evanston zoning ordinance was amended to delete "schools and colleges" from permitted uses within the "A" residence district, which is the applicable classification of plaintiff's property. The Seminary thereupon sought injunctive relief, which culminated in an opinion of the Supreme Court of Illinois holding that the Seminary, upon its lease of part of block 84 and purchase of another part, had the right to use its property in a lawful manner in any lawful business. It said that schools and colleges had not been excluded from the "A" residence district until after the Seminary invest-

ed its funds in acquiring the right which the ordinance expressly permitted to be exercised. "The destruction of that right when there is no appreciable danger to the public health, comfort, safety or welfare to be feared from its exercise is clearly an arbitrary and unreasonable exercise of power which renders the amending ordinance void as to the appellant's property." Western Theological Seminary v. City of Evanston, 325 Ill 511, 525, 156 NE 778.

While this appeal to the Supreme Court was pending Evanston again amended its zoning ordinance. This amendment permitted schools and colleges to be located in the "A" residence district, but excluded dormitory buildings. The Seminary thereupon filed a supplemental bill in the Circuit Court seeking to enjoin Evanston from interfering with the Seminary's "right to erect college buildings, including dormitories, upon said leased and purchased portions of Block 84." This resulted in the decree of 1927 which we previously referred to and which governs the disposition of the present case. That decree was also appealed to the Supreme Court wherein the action of the trial court was affirmed. Western Theological Seminary v. City of Evanston, 331 Ill 257, 162 NE 863. This second opinion of the Supreme Court stated at pages 260, 261:

> "The opinion heretofore filed is controlling in this case, and the provision of the ordinance of 1927 excluding dormitories of appellee from district 'A' is an unreasonable and arbitrary exercise of power, and that portion of the ordinance is void as to appellee's property."

After this decision the Seminary erected buildings on the leased portion of Block 84. Later, in 1959, it embarked upon a construction program for the purchased portion of Block 84, but a building permit was denied on or about May 15, 1961, and plaintiff filed

the present petition in the Circuit Court alleging that the decree of 1927 fixed the rights of plaintiff to use the property in question with respect to its proposed married students' dormitory. Defendants' answer admitted all of the material allegations of the petition except one, and this denied that the 1927 decree applied to that portion of the Seminary's property upon which the Seminary presently intends to build, namely the purchased premises. Thus the sole issue in this appeal is whether the court below was correct in holding that the 1927 decree "is intended to and does apply to and govern both the 'leased' and 'purchased' premises," that such a residence hall is a building of the sort generally used in connection with the operation of schools and colleges and is within the scope of the 1927 decree, and thereupon granting the aforementioned injunctive relief.

 Defendants' basic argument is that the 1927 decree should be construed restrictively as applying only to the "leased" premises because the decretal portion of the decree specifically mentions only the leased premises. However, a fundamental rule of construction is that a decree must be interpreted in its entirety. Stone v. Baldwin, 331 Ill App 421, 73 NE2d 635. It is well settled that a decree must be construed in the light of other parts of the record, the pleadings, the issues, and former decrees concerning the same cause. Aloe v. Lowe, 298 Ill 404, 131 NE 612; Butterfield v. Cinman, p 66, supra.

It is uncontested that both parcels of property were acquired for Seminary purposes, that the smaller purchased premises were acquired for use in connection with the contiguous and larger leased premises, and that both parcels were acquired at a time when the Evanston zoning ordinance permitted the construction of buildings for schools and colleges. A reading of the 1927 decree in its entirety with reference to the

165

enumerated findings in the decree which specifically refer to both the leased and purchased premises, and in the light of the pleadings and issues, shows without doubt that the decree was intended to and did apply to both the leased and purchased premises. The correctness of this view is supported by the two Supreme Court opinions, supra, which did not distinguish the Seminary's rights as to the respective properties, but held "that portion of the ordinance is void as to appellee's *property*." (Emphasis supplied.)

■ Defendants' secondary arguments that the proceedings below were "summary" and not the appropriate method of relief, and that the decree of June 29, 1961 goes beyond the rights granted by the earlier decree, are without merit. The decree entered below was submitted to defendants' counsel for approval as to form and entered without objection by them.

The decree is affirmed.

Decree affirmed.

FRIEND, P. J. and BURKE, J., concur.