CAROL ANN POPE, Plaintiff-Appellee, *v.* GEORGE A. POPE, Defendant-Appellant—(STANDARD FEDERAL SAVINGS & LOAN ASSOCIATION OF CHICAGO *et al.,* Defendants.)

(No. 56504; ▆▆▆▆▆▆▆

First District—September 20, 1972.

Harvey J. Barnett, of Chicago, (Rosenthal and Schanfield, of counsel,) for appellant.

Rinella and Rinella, of Chicago, (Richard A. Rinella, of counsel,) for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Plaintiff, Carol Ann Pope, filed a suit on June 24, 1971, in which she sought the division or sale of improved real estate owned by herself and her former husband as joint tenants and then occupied by her ex-husband and their four minor children. The defendant filed a motion to strike and dismiss the Complaint on the ground that the suit was barred under the doctrine of *res judicata* and collateral estoppel by a Decree of Divorce, entered on October 16, 1970. The trial court denied the motion, but found specifically that the order denying the motion involved a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal could materially advance the ultimate termination of the litigation. We granted leave to appeal to the defendant pursuant to Supreme Court Rule 308. Ill. Rev. Stat. 1971, ch. 110A, par. 308.

George A. Pope was granted a divorce on the ground that his wife had been guilty of habitual drunkenness for a period of at least two years, and it awarded him sole and permanent care, custody, education, and control of the four minor children of the marriage. The decree further ordered as follows:

"Plaintiff, [George A. Pope] be, and he is hereby awarded the sole and exclusive possession of the marital home of the parties at 9708 South Massasoit, Oak Lawn, Illinois, until the youngest

child of the parties reaches the age of twenty-one (21) years. Defendant [Carol Ann Pope] is hereby ordered to permanently remove and vacate herself from said home and to remove therefrom all of her personal articles of clothing and possessions. Defendant shall not and is hereby enjoined from conveying, assigning, encumbering or hypothecating her interest in said home until the youngest child reaches the age of twenty-one (21) years."

No appeal was taken from the decree.

The sole question raised on appeal, is whether the suit for partition is barred by the earlier Decree of Divorce. The plaintiff concedes that the decree is *res judicata* in respect of everything therein decided, but she argues that her right to seek partition was not limited by the Divorce Decree. It is urged that "Nothing is said about the right of the plaintiff to seek partition; and the judgment is no broader than it purports by its terms to be. And unless such limitation can be found, the right of the plaintiff to seek partition in virtue of her joint ownership of the premises, is absolute and indefeasible."

■■ A judgment or decree like any other written instrument is to be construed reasonably and as a whole so as to give effect to the apparent intention of the court. (*Neidhardt v. Frank*, 325 Ill. 596, 602, 156 N.E. 769; *Vollenhover v. Vollenhover*, 4 Ill.App.2d 44, 46, 123 N.E.2d 114.) Effect must be given not only to that which is expressed, but also to that which is unavoidably and necessarily implied in the judgment or decree. See: *Western Theological Seminary v. Evanston*, 34 Ill.App.2d 162, 165, 180 N.E.2d 752.

In the instant case, the Decree of Divorce awarded custody of the minor children of the marriage to George A. Pope and awarded him exclusive possession of the marital home "until the youngest child of the parties reaches the age of twenty-one (21) years." Carol Ann Pope was enjoined from conveying or assigning her interest in the home "until the youngest child reaches the age of twenty-one (21) years."

■■ When interpreting a decree, particularly in matters of divorce, the important object is the carrying out of the purpose and intent of the court.

■■ We believe that the intent of the court in entering the Divorce Decree was to ensure the existence of a home for the minor children of the marriage until they reached their majorities by granting possession of the marital home until the youngest child reached the age of 21 to the parent having custody.

■■ A court, in exercising its equitable powers looks to substance and not to form. (*Mitchell v. Hannah and Hogg*, 121 Ill.App. 597.) We think the restrictions on conveying and assigning contained in the Divorce

Decree, taken in the context of the entire decree prohibits not only a direct sale or division by Carol Ann Pope, but also an indirect sale or division through the vehicle of a partition suit instituted by her.

Restrictions on the right to sell real estate contained in documents affecting the ownership interests of joint tenants or tenants in common have been held to prohibit the exercise of the right to partition. In *Daubman v. Daubman,* 353 Ill. 69, 186 N.E. 520, Henry J. Daubman devised all of his real estate to his six children for life with a remainder to his grandchildren. The second clause of the will specifically prohibited the sale of the property during the lives of the life tenants. Partition proceedings were commenced while the life tenants were still living, but the court held that the partition was prohibited under the second clause of the will as long as the testator's children were alive. In *Rosenberg v. Rosenberg,* 413 Ill. 343, 108 N.E.2d 766, a divorce decree, which incorporated the terms of a settlement agreement, permitted the husband to collect the income from improved real estate used by him as a home and an office for his medical practice and prohibited a sale of the realty without the joint consent of the parties. The Court held that an agreement not to partition was necessarily implied to secure fulfillment of the pact which the parties made.

In *Boddicker v. McPartlin,* 379 Ill. 567, 41 N.E.2d 756, cited by the plaintiff, bonds were executed with a par value of $45,000, and payment was secured by the conveyance of improved real estate in a trust deed in the nature of a mortgage. After default the trustee, in accordance with authority granted in the trust deed, purchased the real estate at a foreclosure sale for the benefit of the bondholders. Subsequently, the Court granted a petition of the trustee for permission to mortgage the real estate in order to pay the expenses of the foreclosure and to enter into a settlement with an insurance company. This judgment was affirmed after an appeal had been taken by some of the bondholders who had been made parties. Thereafter, partition of the real estate was decreed upon petition of certain bondholders. The Court, on appeal, rejected the contention of the trustee that the suit for partition was barred under the doctrine of *res judicata* by the earlier judgment authorizing the mortgage and settlement. This case is inapplicable on the facts. The judgment in *Boddicker* which the trustee contended was a bar to the partition proceedings did not involve the property rights among the parties; whereas here the Divorce Decree imposed extensive restrictions on the incidents of ownership of the joint tenant.

The Decree of Divorce entered on October 16, 1970, as construed by us, prohibits the right of partition of the premises by Carol Ann Pope until the youngest child of the parties reaches the age of 21. The order

of the Circuit Court denying the defendant's motion to strike and dismiss the Complaint is reversed and the Circuit Court is directed to enter an order granting the motion to strike and to dismiss the Complaint for Partition.

Reversed and remanded with directions.

DIERINGER, P. J., and ADESKO, J., concur.