JULIA A. CAHILL et al.

v.

WILLIAM J. CAHILL et al.

[Filed July 15th, 1901.]

A will provided that the testator's estate should be divided among her seven children equally, with the exception of one, whose share should be reduced to a certain amount, and the amount of the reduction divided equally among the other children. It was provided that the children could agree on a division of the property, but if they were unable to agree, the executors should sell the realty in one year from the testator's death, and divide the proceeds and the personalty as directed.—*Held*, that two of testator's children could not compel a partition of the realty, prior to the time when the power to sell would become operative, against the dissent of the remaining five children.

On demurrer.

*Mr. James Buchanan,* for the complainants.

*Mr. James J. Cahill* and *Mr. Robert S. Woodruff,* for the defendants.

REED, V. C.

The primary purpose of this bill is to compel a division of the real property left by Julia Cahill, who died June 17th, 1900. The section under which the question arises is the fifth item of the will. It reads thus:

"The balance and residue of my estate, both real and personal, I give, bequeath and devise equally, share and share alike to my seven children, them, their heirs and assigns, forever, viz., James, William, Thomas B., Mary E., Frank E., Margaret and Julia, with this exception, however, my son James, having already received from the estate and from me large sums of money, I desire that his distributive share shall be reduced or diminished by the sum of two thousand dollars, which sum of two thousand dollars thus taken from James' share shall be equally distributed between the six other children or their heirs. Should my children be unable to thus divide my real and personal estate so as to accomplish my purpose within one year after my decease, then I order, authorize and direct my executors, hereinafter named, to make sale of my real estate and to divide the proceeds of the same and my personal equally between my children, in the manner above directed, deducting from the share of James, as I have above set forth, the sum of two thousand dollars for the advances he has already had."

The demurrer is directed against the right of the complainants, two of the children of testatrix, to compel a partition of the property against the dissent of the remaining five children.

The purpose of the testatrix, manifested in clause five, is entirely clear. Its primary design is to fix the proportion in which her estate, real and personal, is to be divided among her children. Under this section they are to take equally, with the exception of James who is to receive $2,000 less than the other six children. After fixing the portions, not real estate alone, but of all her estate, she proceeds to indicate the method by which they are to get their portions. They can, if they choose, agree upon a division of the property. They were not bound to take real estate, for some may take personalty alone or part land and part personalty. Any voluntary arrangement entered into by them, when consummated, would confer upon them the property, subject to the payment of any debts of the deceased. All the executor would then have had to do would be to pay debts and then pay the balance according to the terms of the voluntary agreement entered into by the children. In default of any agreement, the testatrix provides for a peremptory conversion of the real estate into money, for the purpose of paying the portions at the end of the year, unless there has been an intermediate voluntary division. There is to be an absolute equitable conversion of the realty, for the executor is not merely authorized to sell, but he is ordered to sell.

It is true that the power to sell is in abeyance until the expiration of a year; but at the termination of that period, without a previous voluntary agreement for distribution, the power becomes presently operative.

Nor would, in my judgment, the power be extinguished by a judicial partition against the dissent of some of the tenants in common. Such a proceeding would not accomplish the division of the estate of the testatrix in the manner indicated in her will.

The question then supervenes, should this court permit such a partition during the period which intervenes between the death of the testatrix and the date when the power becomes presently operative.

Actions for partition have been permitted although there was conferred upon trustees a bare power of sale to be exercised, or

Cahill *v.* Cahill.

not, as the donee of the power might see fit. But even in the case of a discretionary power of sale, a court of equity will exercise its discretion in permitting a partition of the real estate by those in whom the legal title resides. Thus Mr. Justice Fry, in *Boyd* v. *Allen, 24 Ch. Div. 622 (1883)*, remarked: The authorities are reasonably plain, but independently of authority, it appears to me that the right of partition which is an incident to the property should not be taken away by a discretionary power of sale given to trustees. It is suggested that I should not override a power given to trustees; but as they don't think it proper to exercise their power before the plaintiff could exercise his right to ask for partition, it does not appear to me that the persons to whom the property is given should be deprived of their right in this court." To guard against the inference that the right to partition, even in the instance of a discretionary power, was absolute, the judge proceeded to observe: "If the action were brought vexatiously or when the trustees were about to exercise their power, I might view the case differently." When, however, the direction for a sale is not discretionary, but imperative, there is a conversion of realty into personalty, and partition will not be permitted.

The rule in the State of New York is summed up in the case of *Fritz* v. *Fritz, 17 N. Y. Supp. 800,* in the following language: "It is the well-established rule that where a testator directs his executors to sell his real estate and distribute the proceeds among persons named in his will, such real estate is deemed to be converted into personalty and partition cannot be had," citing, among other cases, *Underwood* v. *Curtis, 177 N. Y. 523.* The court then distinguishes the case of *Duffy* v. *Duffy, 50 Hun 266,* because in that case the will contained the bare power of sale and no devise of the real estate, so that the title descended to the heirs, and therefore, unless the power of sale was exercised, its existence was no bar to partition by the heirs.

The power here being imperative, when it comes into existence, it will thereafter preclude a partition.

If the power of sale still exists, it would seem a waste of time and money to carry through a proceeding to partition which, by the exercise of the power, would become nugatory.

Cahill *v.* Cahill.

Nor can I perceive the pertinency of the argument rested upon the doctrine of extinguishment of powers. There is no doubt that the beneficiaries under the will could extinguish the power by agreeing to accept the real estate. But this they have not done. But, as I understand the contention upon this phase of the case, it is that the right to partition being one attached to a tenancy in common, it is a right which can be invoked, notwithstanding the intention of the testatrix; and that when invoked and executed, it will accomplish an extinguishment of the power. This argument, however, rests upon an assumption of the truth of the premises which are in dispute. It assumes the right of any devisee to have a partition against the will of every other devisee, notwithstanding the power; and this right is the point now mooted. In my judgment there is no absolute right to partition, but at best a right which rests in the discretion of the court, and a right the exercise of which should be regarded as inequitable in this instance.

Such a method of disposition of the property, as already remarked, is manifestly opposed to the intention of the testatrix. Indeed, a partition would not accomplish her purpose, for, as I have already remarked, it is not merely to divide the realty, but to divide all the estate—a blended realty and personalty. Not only this, but the division is to be made by so apportioning all the property that the share of James shall be $2,000 less than the share of the other six beneficiaries.

I think, therefore, that the objection to the partition proceedings is well taken.

While I have expressed my opinion upon this phase of the case, nevertheless I am of the opinion that there should be a judgment for the complainants upon the ground that the demurrer is too broad. It is to the bill generally; and, upon inspection, the bill is not only for the purpose of partition, but for a discovery and distribution of the rents and profits of some of the beneficiaries in possession of the property. To the extent which this relief is prayed the bill is good, and as the demurrer was directed against this, as well as the other portion of the bill, it must be disallowed.