(No. 29498.—)

Ida C. Bowman, Appellant, *vs.* Minnie A. Austin *et al.,*
Appellees.

*Opinion filed May 21, 1946.*

Wayne C. Townley, of Bloomington, (O. L. Mc-
Caskill, of Urbana, of counsel,) for appellant.

Kaywin Kennedy, and L. C. Sieberns, both of
Bloomington, for appellees.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Appellant, Ida C. Bowman, filed her complaint in the circuit court of McLean county against Minnie A. Austin, Edward Oscar Austin, Byrl Austin, Lenora C. Kraft and Theodore F. Kraft, for a construction of the will of Oscar W. Kraft, deceased, and for a partition of the life-estate interest held by appellant, Ida C. Bowman, and appellee, Minnie A. Austin.

Oscar W. Kraft died testate July 1, 1921, leaving his widow, Alice C. Kraft, who died in 1943, and Ida C. Bowman, Minnie A. Austin, Lenora C. Kraft and Theodore F. Kraft as his only children. Ida C. Bowman, the appellant, is fifty-five years of age, married and has no children. Her sister, Minnie A. Austin, is fifty-seven years of age and has two children.

Appellant's original complaint sought construction of the fourth clause of the will of her father, Oscar W. Kraft, and an accounting from Minnie A. Austin, who moved to dismiss the complaint for want of equity. The lower court held the complaint did not disclose any occasion to construe the will; that it did disclose a right to an accounting at law rather than in equity; and directed the cause be transferred to the law docket and gave appellant leave to amend her complaint stating an accounting at law. An amended complaint was then filed by appellant praying for construction of the will, for partition by sale of the life estate of appellant and for an accounting from Minnie A. Austin. Upon motions to strike being entertained, appellant obtained leave to withdraw the accounting allegations from her amended complaint. The court then dismissed the complaint for want of equity and appellant did not request leave to amend further.

Appellant here appeals from the decision of the circuit court of McLean county dismissing her complaint for want

of equity. There is, then, before this court the question of the sufficiency of appellant's amended complaint.

Appellant sought to have the fourth clause of the will of Oscar W. Kraft construed and asked for a partition of appellant's life estate by sale. The fourth clause for which construction is sought is as follows:

*"Fourth:* To my daughters, Minnie A. Austin and Ida C. Bowman, after the death of my wife, Alice C. Kraft, I will, devise and bequeath a life estate in my farm, located in sections 18 and 19 in Empire Township, McLean County, Illinois, with remainder over to the heirs of their bodies, if they should die leaving such bodily heirs. It is my desire that my said daughters, Minnie A. Austin and Ida C. Bowman, shall have the joint use and enjoyment of said Empire Township Farm after the death of my said wife, share and share alike, they to pay all taxes and assessments levied against the same during their lives, and keep the same in proper repair and the buildings thereon properly insured. I further direct that the said farm shall be kept intact during the lives of my said daughters, and until the death of the last survivor of them, and that so long as she lives and has the mental and physical capacity so to do, my said daughter, Minnie A. Austin, shall have the management and control of said farm, pay the taxes and keep the same insured, and in proper repair and divide the net profits annually between herself and her sister, Ida C. Bowman, share and share alike, and I desire that she shall not be required to give any bond in the matter of her management.

In case of the death of either of said daughters, Minnie A. Austin or Ida C. Bowman, without bodily heirs, then the portion herein bequeathed to either one not leaving bodily heirs, shall go to my surviving children share and share alike. It is my desire, however, that in case either of said daughters, shall leave bodily heirs, the share of such deceased daughter shall descend to and vest in fee in the bodily heirs of such deceased daughter according to the Statute of descent of the State of Illinois."

Appellant has assigned errors which for the purposes of clarity and brevity can be confined to: (1) The refusal of the lower court to make a formal construction of the fourth clause of the will; (2) the refusal to decree a partition; and (3) the refusal to render a declaratory judgment.

Appellant has asked that the court construe the fourth clause of the will of Oscar W. Kraft, deceased, contending that it is uncertain and ambiguous. Appellant urges the court erred in refusing to decree a partition of the life interest of appellant. On the other hand, appellees contend that the will imposes a restriction upon appellant preventing the partition of appellant's interest. In this connection we are again directed to the provision of the fourth clause of the will. Here the testator provided for the creation of life estates in his daughters, the appellant being one of them, and provided specifically as follows: "I further direct that the said farm shall be kept intact during the lives of my said daughters * * *." We are thus presented with the proposition as to whether or not this is such a prohibition or restriction imposed upon appellant as to prevent appellant's partition of her interest. The direction that the farm be kept "intact" calls for a definition of the word "intact." It is apparent that this means —left complete, entire or whole. Counsel for appellant, in their brief, stated: "Keeping intact means not breaking up into parts." It is apparent that testator desired this entity preserved and so directed in his will. The intention of partition and keeping intact, we believe, are opposite. The very object of partition has been defined as to enable those who own property in common to sever their interests, so that one may take possession of and enjoy and improve his separate estate at his own pleasure and convenience. (*Mechling* v. *Meyers,* 284 Ill. 484.) We are unable to reconcile the restriction in the fourth clause of the will that the farm be "kept intact" with the theory of partition. In other words, would not the granting of the partition do violence to the express will and desire of the testator as expressed in the fourth clause? We believe it would. This court has many times expressed the rule that partition will not be awarded in violation of a restriction imposed by the testator, regardless of whether

the estate is vested or contingent. (*Daubman* v. *Daubman,* 353 Ill. 69; *Heininger* v. *Meissner,* 261 Ill. 105.) We are unable to perceive of the possibility of keeping the farm intact as directed by the testator and at the same time allowing a partition of the same. Appellant urges that the prohibition or direction of testator is not a restriction of partition by sale, that there would be no partition through division and, therefore, the land would still be intact and there would be no violation of testator's directions. Appellant contends that there is no directive against partition by sale. Cases cited in support of this contention are of no assistance as they are not in point with the facts presented here under the will. The sale under partition is proper only where a division of the premises cannot be made. It is our opinion that the testator had the power and right to so devise his property as to prevent the action that has been attempted by appellant. Such a provision or restriction is neither repugnant to the estate granted nor is it against public policy. *Daubman* v. *Daubman,* 353 Ill. 69.

Appellant has urged that there is no restriction in the will as to a sale of the interest of the appellant and that this can be done on partition without interfering with testator's desire that the farm be kept intact. In addition to testator's expressed desire that the farm be kept intact, testator provided that Minnie A. Austin should have the management and control of the farm, pay the taxes, insurance, and repairs and divide the profits with her sister, the appellant here. This is clearly another expression of the testator indicating his intention and desire that the farm be kept intact, and is an expression indicating that the interest of the parties should be kept intact. A partition by division would certainly do violence to the restriction that the farm be kept intact and a partition by sale would wreck the desire of the testator that the parties' interests be kept intact.

Appellant also assigns as error the refusal of the court below to render a declaratory judgment declaring the rights of the various parties as provided by section 57½ of the Civil. Practice Act. (Ill. Rev. Stat. 1945, chap. 110, par. 181.1.) Appellant urges for the first time in this court the desire for such a judgment. We have been shown no reason to indicate that the lower court has abused its discretion in failing or refusing to grant a declaratory judgment should such have been requested.

We find the intention of the testator was clear and certain, with nothing appearing repugnant to the law or the interests of the parties in testator's manner of disposition of his property. He has placed certain limitations and restrictions upon the same, which he had the right and privilege to do.

Under our construction and interpretation of the will, we are of the opinion the trial court properly dismissed the amended complaint. The decree of the circuit court dismissing appellant's complaint is, therefore, affirmed.

*Decree affirmed.*