HELEN GOLICK, AMENDED TO READ MICHAEL GOLICK, PLAINTIFF-RESPONDENT, v. VERONICA LUKUS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 29, 1965—Decided December 16, 1965.

468

Before Judges KILKENNY, GOLDMANN and LEONARD.

*Mr. Robert M. Kronman* argued the cause for appellant.

*Mr. Lewis B. Rothbart* argued the cause for respondent (*Messrs. Feder & Rinzler*, attorneys; *Mr. Joseph A. Feder*, of counsel).

The opinion of the court was delivered by

KILKENNY, J. A. D. Defendant appeals from a final judgment of the Chancery Division, ordering a partition sale of real estate known as Nos. 154-156 Palisade Avenue, Garfield, New Jersey, and directing that the proceeds of sale be deposited with the Clerk of the Court pending a further determination of the respective rights of the parties therein.

The basic issue on the appeal is whether partition of real estate may be ordered in a suit by the sole owner of the fee against a single life tenant with a possessory interest in a part only of the subject premises, who has not applied for or agreed to the partition. Defendant life tenant contends that *N. J. S.* 2A:56–37 precludes a partition of the premises in question without her applying for or agreeing to the partition.

The premises at No. 154-156 Palisade Avenue, Garfield, consist of a plot of ground approximately 60 feet wide by 95 feet deep upon which there are two dwelling houses on either end of the plot, with a driveway in the center leading to a multi-car garage located in the rear center of the property, extending behind both dwellings. The premises were owned by Andrej Lukus until his death in 1959.

Paragraph 7 of the last will and testament of Andrej Lukus provides:

"I further give and devise to my said daughter, Veronica Lukus, the right to use and occupy the first floor of premises in which I now reside, known as 156 Palisade Ave., Garfield, New Jersey, for and during the term of her natural life."

Paragraph 8 provides:

"I give and devise all of that parcel of land, with two buildings and garages thereon, having a frontage along the easterly side of Palisade Ave., of 60 feet, known as 154-156 Palisade Ave., Garfield, New Jersey, to my daughter, Helen Golick, to her, her heirs and assigns forever, subject to the rights of my daughter, Veronica Lukus, in the first floor of 156 Palisade Ave., Garfield, New Jersey."

Thus, the daughter Helen became sole owner of the fee, subject only to the life estate of the other daughter Veronica in the first floor of 156 Palisade Avenue, a part only of one of the two dwellings. No. 156 is a two-family dwelling and its first floor is at ground level, with separate entrance thereto from the driveway. There are only three rooms in this first floor apartment.

Following the death of their father, unhappy differences arose between the two sisters, each claiming continued harassment and annoyance by the other. The trial court summed up the mutual unpleasantness by stating that they were "virtually at each other's throat." Plaintiff Helen Golick filed a complaint seeking injunctive relief against her sister, Veronica, or that the issues be submitted for arbitration and award under the statute. Defendant counterclaimed for injunctive relief against alleged molestation and interference with her peaceable enjoyment of the part of the premises occupied by her. During the pendency of the action, Helen Golick died and her husband, Michael Golick, was substituted as plaintiff. Subsequently, he filed an amended complaint in which he sought a partition and sale of the premises.

After the pretrial, the matter was submitted to the Chancery Division without any testimony, the parties stipulating

that they would rest upon the affidavits filed, the transcripts of the various motions made and decided, the pleadings and the various briefs theretofore submitted to the court, and that the issues could be decided upon the basis of those items alone. The trial court determined that plaintiff was entitled to relief by way of a partition sale, basing its decision on equitable grounds, as hereinafter discussed.

Partition is an equitable remedy, but the right to partition is statutory. At the present time, *R. R.* 4:81 regulates the practice and procedure and *N. J. S.* 2A:56-1 *et seq.* limits and defines the statutory right. *Stevens v. Enders*, 13 *N. J. L.* 271 (*Sup. Ct.* 1833); and *Buckis v. Townsend*, 100 *N. J. Eq.* 374 (*Ch.* 1927), outline the early statutory history of partition in New Jersey prior to *R. S.* 2:71-1 *et seq.*, and our present revision effective January 1, 1952, *N. J. S.* 2A:56-1 *et seq.*

*N. J. S.* 2A:56-37, relied upon by defendant, provides:

"The court may order partition through actual division, or, pursuant to section 2A:56-2 of this title, through sale of real estate, in any case where the share of a cotenant therein may be for a less estate than a fee, or may be limited over after an estate for life, or any estate therein, *provided the particular tenant or tenants apply for or agree to the partition.* Any person to whom the remainder, reversion or expectancy is limited over shall, whether or not he agrees to the partition, be bound thereby and shall thereafter be entitled only to the part of the real estate set off in severalty upon which his further right is limited or to an interest in a part of the proceeds of the sale, as the court may direct." (Emphasis added)

The italicized proviso therein, that "the particular tenant or tenants apply for or agree to the partition," represents an amendatory addition by *L.* 1949, *c.* 113 to *R. S.* 2:71-66, which had previously not contained that requirement.

In *Buckis v. Townsend, supra,* it was held that a bill for partition of a life estate in land will be entertained at the instance of a life co-tenant against the other two life tenants. The owners of the remainder in fee were not made parties. In such a partition action filed by a life co-tenant, reversioners and remaindermen of the fee are not necessary parties.

Sale of the *life estates* may be ordered in case partition cannot be made without great prejudice to the life tenants. In such a case, the proceeds of the sale of the *life estates* will be invested for the benefit of the several life tenants, as their several interests may appear. *Buckis* also held that reversioners and remaindermen may be made defendants and bound by the severance of shares and, in such case, should sale be made, the proceeds of the entire estates may be invested for the benefit of the life tenants and reversioners or remaindermen as their several interests may appear.

 Of pertinence herein is the rule laid down in the *Buckis* case that a partition action will not be entertained, if filed by a reversioner or remainderman who has no possessory rights *in praesenti*, unless the life tenants enjoying possessory rights *in praesenti* consent thereto.

In *Smith v. Gaines*, 39 *N. J. Eq.* 545 (*E. & A.* 1885), the complainants, as owners in possession of a life estate in certain lands and also as owners in fee of an undivided half of the remainder, prayed for partition of *the estate in remainder*, actually or by sale, if actual partition was impracticable. The Chancellor decreed such a sale, leaving the life estate of the complainants undisturbed. On appeal, the decree was reversed on the ground that, independently of statutes, "a suit for partition could not be maintained by one whose undivided estate was in the reversion or remainder only." 39 *N. J. Eq.*, at *p.* 546. The court analyzed the existing statutes and found nothing in any of them to warrant the partition.

In *Roarty v. Smith*, 53 *N. J. Eq.* 253, 254 (*Ch.* 1895), it was held that where all the lands of which partition is sought by tenants in remainder of several undivided shares are held by a single particular estate, partition cannot be had without the consent of the tenant of that particular estate. Following *Stevens v. Enders*, 13 *N. J. L.* 271 (*Sup. Ct.* 1833), *Roarty v. Smith* determined that "under that enactment there cannot be a partition at all where the whole estate in possession is held in one interest." 53 *N. J. Eq.*, at *p.* 255. Thus, it is clear that even before the adoption of *L.* 1949, *c.* 113, a

remainderman was not entitled to maintain a partition action against a tenant in possession of the whole estate. Partition was ultimately allowed in *Roarty*, upon the court's finding that "the complainant and others, * * * jointly with him, are entitled to present actual possession of the land in question." 53 *N. J. Eq.*, at *p.* 258.

The trial court found *Buckis v. Townsend, Smith v. Gaines* and *Roarty v. Smith* distinguishable from the instant case. We agree that they are factually distinguishable. In *Buckis*, one life tenant brought a partition action against two other life tenants, all three of them in common possession of the entire estate, and a partition sale of the *life estates* was allowed. The remaindermen were not made parties and their remainder interests were not affected. In *Smith v. Gaines*, remaindermen alone sought partition without the consent of the life tenants of the entire estate and relief was denied for want of statutory authority. In *Roarty v. Smith*, partition was granted because both complainants and the others were jointly in present actual possession of the land in question. None of these cases is factually apposite to that before us.

The trial court found the statutes, and particularly *N. J. S.* 2A:56-37, limiting the right to partition without application by or agreement of the tenant or tenants with an estate less than a fee, to be inapplicable herein. It held that *N. J. S.* 2A:56-37 was restricted to a situation where the defendant tenant or tenants was or were in possession of the *entire* property, and not of a part, as here. The statute contains no such distinction and its plain language does not suggest any valid reason for such a judicial distinction. Since adoption of the 1949 amendment, which specifically added the requirement that the tenant or tenants of the particular estate less than a fee must apply for or agree to the partition, no case has been decided, so far as we are aware, which justifies the distinction made by the trial court.

The decision of the trial court was based upon its belief that "both equitably and practically, the plaintiff should be allowed partition," because the "actions of both parties are

apparently of a nature that neither party is being given the opportunity to enjoy his estate." Reliance was placed upon the maxim, "Equity will never suffer a wrong without a remedy," and upon the flexibility of equitable remedies to fit the circumstances of the particular case. *Cooper v. Nutley Sun Printing Co., Inc.*, 36 *N. J.* 189, 198 (1961).

The difficulty with applying that rationale herein is two-fold. First, there is another equitable maxim which provides: "Equity follows the law." And the law precludes partition under the facts herein. *N. J. S.* 2A:56-37. Secondly, there does exist an adequate remedy, by way of injunction, to restrain wrongful interference by either party with the property rights of the other. The efficacy of that remedy is indicated by the advice given to us by the parties that hostilities have ceased during the pendency of this litigation. Future misconduct by either side can be restrained without the resort to a partition sale which would uproot defendant from the habitation provided for by the last will and testament of her father.

■ The primary purpose of a suit for partition is a severance of possessory rights existing in common. *Buckis v. Townsend, supra.* "The essential thing is that the complainant should have an estate in possession in common with some other person." *Krafl v. Fassitt*, 132 *N. J. Eq.* 603, 606 (*Ch.* 1942). "The purpose of partition between tenants in common is to dissolve the only unity existing between them, to wit, the unity of possession, but that unity cannot be dissolved if it does not exist, any more than a marriage can be dissolved where that union does not exist * * *." *Id.*, at *p.* 607. "Partition was intended to remedy the inconvenience arising from the united and common possession." *Id.*, at *p.* 607.

■ In the instant case, there is really no unity of possession during defendant's lifetime of the three-room apartment in No. 156 Palisade Avenue occupied solely by defendant. This is not a case where plaintiff and defendant own undivided interests in the same realty. Defendant's possession of the part assigned to her is exclusive to plaintiff's present

possession thereof; and plaintiff's possession of the residue of No. 156, as well as of No. 154 and the garages, is exclusive to any right of present possession therein by defendant. In substance, the possessory interests are in severalty, rather than in common. If partition were desired, that has already been accomplished by the testator under the terms of his will. To each daughter has been allocated a separate part of the property for her exclusive possession and enjoyment.

As stated in 4 *Thompson, Real Property* (1961) 273, § 1823:

> "The basic fact necessary to an action in partition both at common law and under the statutes of Henry VIII was that the parties stand in the relationship of cotenants. Both the plaintiff and defendant must own undivided interests. There can be no partition where the plaintiff or the defendant holds his interest in severalty."

And again at *p.* 285, § 1824:

> "A life estate defeats any right to partition real estate during the life tenancy for the right to possession is the test of the right to partition. A remainderman can compel partition, if the tenant does not object."

Defendant life tenant in exclusive possession of her part of the premises does object to partition.

See, too, the annotation in 28 *A. L. R.* 732 (1924) to the effect that holders of parts of a building in severalty are generally not entitled to partition because of the absence of a unity of possession or common possession of *undivided* interests. By analogy, where a widow's dower life estate had been assigned by metes and bounds, partition was denied because the estate had already been divided. *Newell v. Willmarth*, 30 *R. I.* 529, 76 *A.* 433 (*Sup. Ct.* 1910).

The judgment directing a partition sale is reversed and the matter is remanded to the Chancery Division, (1) for entry of a judgment dismissing plaintiff's action for partition, and (2) for disposition of the claims of the respective parties for injunctive relief, if they wish to pursue those unresolved issues at this time.