160 N.J. Super. 98 (1978)
388 A.2d 1308
JOSEPH ANTHONY GRECO AND THERESA GRECO, HIS WIFE, AND MARIA LOIACONO, PLAINTIFFS-RESPONDENTS,
v.
CHARLOTTE GRECO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 19, 1977.
Decided June 7, 1978.
*100 Before Judges FRITZ, BOTTER and ARD.
Saul G. Schulter, attorney for appellant (Joseph B. Thor on the brief).
No appearance for respondents.
The opinion of the court was delivered by BOTTER, J.A.D.
Charlotte Greco, daughter of Angelina Greco, deceased, appeals from a summary judgment entered by the trial judge on his own motion. The judgment ordered a partition sale of premises formerly owned by Angelina Greco, mother of the parties, Charlotte and Joseph Greco. Angelina died testate on October 24, 1973, survived by her two children and her sister, Maria Loiacono. The judgment ordered the net proceeds of sale distributed as follows: (a) to Joseph, 25%, (b) to Maria, 50%, and (3) to Charlotte, 25%. The order also provided for the use and occupancy of the premises pending the sale as well as various charges assessed against the proceeds. Charlotte's counterclaim to restrain her brother from assaulting, striking, threatening and harassing her and for damages for such conduct was also dismissed. The judgment recited also:
ADJUDGED that, upon representation of counsel for plaintiffs, the consent to the action by the Plaintiff, Maria Loiacono, was satisfactory to the Court; and it is further
ORDERED that all parties be and they are hereby restrained and enjoined from threatening, harassing or intimidating one another; * * *.
On this appeal appellant contends that it was improper for the trial judge to enter judgment on his own motion on the trial date because issues of fact had been raised as to *101 the voluntariness of Maria's consent to the partition, Maria being more than 90 years of age at the time, having limited understanding of English and being represented by Joseph's attorney. Maria's ability to consent to the partition and the validity of that consent was an issue specifically expressed in the pretrial order. Appellant also contends that the trial judge erred in ordering a division of the property according to her mother's will since appellant did not consent to the sale.
The pertinent clause in Angelina's will is as follows:
Second: I give, devise and bequeath the property known and designated #266 Chestnut Street, Kearny, New Jersey, unto my children, Charlotte Marie Greco and Joseph Anthony Greco, provided however and upon the condition that my sisters Caterina La Iacono and Maria Lo Iacono and my brother Charles Lo Iacono, who now reside therein shall be permitted to live therein for the rest of their natural lives, and provided further that should my children decide to sell the aforementioned premises, then and in that event one half of the money realized from said sale shall go to the aforementioned Caterina Lo Iacono, Maria Lo Iacono and Charles Lo Iacono or the survivor of them.
In ordering the partition sale the trial judge stated:
I see no issue of fact or law in this case. I am satisfied that a plenary hearing on the merits would only disclose that such differences, disputes and misunderstandings do exist which are not subject to resolution by and between the parties.
It is equally well settled in the law that one co-tenant has an absolute right to partition against the other. Drachenberg v. Drachenberg, 142 N.J. Equity 127. Michalski v. Michalski, 50 N.J. Super. at 454.
Accordingly, I will treat this matter in the form of a motion for summary judgment. I will this day grant a judgment for partition. If either counsel wants to move a stay of the partition 
Partition is an equitable remedy. Newman v. Chase, 70 N.J. 254, 263 (1976); Golick v. Lukus, 89 N.J. Super. 467, 470 (App. Div. 1965). It is often said that a tenant in common has an absolute right to partition, *102 subject to statutory limitations (id.) or reasonable limitations imposed by agreement of the parties. Newman v. Chase, supra; Michalski v. Michalski, 50 N.J. Super. 454, 460 (App. Div. 1958); see Drachenberg v. Drachenberg, 142 N.J. Eq. 127 (E. & A. 1947). However, in Newman v. Chase, supra, 70 N.J. at 263-264, our highest court doubted that the right should be absolute, citing a contrary rule in other jurisdictions and noting that in "relevant legislation, N.J.S.A. 2A:56-1 et seq., * * * the statutory language is permissive rather than mandatory." The court further observed that partition "is also an ancient head of equity jurisdiction, an inherent power of the court independent of statutory grant." 70 N.J. at 263. Clearly, the "manner in which partition is effected" is within the discretion of the court. Id. Another limitation is imposed by N.J.S.A. 2A:56-37. As amended in 1949, this statute provides that when property is subject to a life estate, a court may order partition binding upon the holders of a remainder, reversion of expectancy only if the life tenant consents. Golick v. Lukus, supra.
Also, it is generally recognized that the creator of a cotenancy may restrict the right of partition at the time the interests in common are established. 2A Powell, Real Property (Rev. ed. 1977), ¶ 290 at 544; 6 American Law of Property, § 26.73 at 517-518 (1952). The restriction may be imposed by the terms of a will through which the tenancies are created. Cahill v. Cahill, 62 N.J. Eq. 157 (Ch. 1901); Peyton v. Wehrhane, 125 Conn. 420, 437, 6 A.2d 313, 320 (Sup. Ct. Err. 1939) (prohibition in will that property shall not be partitioned not invalid as restraint on alienation); Bowman v. Austin, 393 Ill. 593, 67 N.E.2d 168 (Sup. Ct. 1946) (testator could prevent partition of life estates by terms requiring that the farm shall remain "intact" during the lives of his surviving children); Uphaus v. Uphaus, 315 S.W.2d 801, 806 (Mo. Sup. Ct. 1958) (partition cannot be contrary to intent of testator though normally *103 remaindermen may compel partition subject to a life estate); 6 N.J. Practice (Clapp, Wills and Administration) (3 ed. 1962), § 669 III-A at 227; 68 C.J.S. Partition § 43 a at 61.
In Cahill v. Cahill, supra, the court denied partition in the exercise of equitable discretion because it found that partition without consent of all surviving children to whom the property was devised would be contrary to the testatrix' intent. This intent was found in terms saying: "Should my children be unable to thus divide my real and personal estate so as to accomplish my purpose within one year after my decease, then I order * * * my executors * * * to make sale of my real estate and to divide the proceeds equally between [sic] my children * * *."
In the case at hand the testatrix provided a life estate in her surviving sister Maria (another brother and sister of the testatrix were not living at the time of the hearing below), subject to the power given to Charlotte and Joseph to sell the property if they "decide" to do so. In the event of a sale during Maria's lifetime, Charlotte and Joseph would each receive 25% of the proceeds and Maria 50%. This is the distribution ordered by the trial judge.
Obviously, this distribution was against Charlotte's interest, and she did not "decide" to sell or otherwise consent to the sale. Maria "was approaching 94" years of age in May 1975, according to plaintiffs' attorney. If Charlotte survives Maria she will receive 50% of the proceeds. It is understandable that Charlotte did not "decide" to sell the property; but it was assumed that regardless of the testatrix' intent, the right to partition was absolute "as a matter of law," provided the life tenant also consented.
We interpret the provision, "should my children decide to sell the aforementioned premises," coupled with the provision for a 50% reduction in Charlotte and Joseph's share if the property is sold during the lifetime of testatrix' sisters and brother, or their survivor, to signify testatrix' intent that Charlotte and Joseph must both consent to such a *104 sale. The requirement of joint consent is an implicit restriction on the right to partition. Thus, we conclude that the trial judge erred in ordering partition as a matter of absolute right. We recognize that restraints on alienation must be reasonable and that in some cases to deny partition may frustrate the testator's intent in other respects. See Michalski v. Michalski, supra, 50 N.J. Super. at 465-467. The power of a testator to prevent partition is not an absolute and boundless power. While the provisions in the will restrict the sale without consent of both remaindermen, we will not enter judgment as a matter of law. We do not know the status of the property or the parties at this time. In addition, the parties were not able to live together harmoniously at the time of the hearing below. Other remedies for that problem may be needed if partition is denied. See Golick v. Lukus, supra, 89 N.J. Super. at 473.
In view of this disposition we need not decide appellant's additional contention that an issue of fact remains as to the effectiveness of Maria's consent. Our determination is without prejudice to appellant's right to again assert that issue in the trial court. We question the propriety of Joseph's attorney representing Joseph and the 94 year old life tenant at the same time on that issue. DR 5-105; cf. In re Dolan, 76 N.J. 1 (1978).
Accordingly, we reverse the judgment below and remand the case to the trial court for further proceedings not inconsistent with this opinion.