**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3246-18T2

SACHIN K. SHETH and
HARSHAD PATEL,

     Plaintiffs-Respondents,

v.

POOJA GOEL and RAHUL GOEL,

     Defendants-Appellants.

_____

          Argued November 4, 2020 – Decided  November 18, 2020

          Before Judges Mawla and Natali.

          On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. C-000064-18.

          Shay S. Deshpande argued the cause for appellants.

          Robert S. Cosgrove argued the cause for respondents (Durkin & Durkin, LLC, attorneys; Robert S. Cosgrove, of counsel and on the brief).

PER CURIAM

In this partition action, defendants Pooja Goel (Pooja) and Rahul Goel (Rahul)[1] appeal from a March 13, 2019 Chancery Division order entered in favor of the plaintiffs Sachin K. Sheth (Sheth) and Harshad Patel (Patel) after a non-jury trial. Defendants contend that the court's factual findings were improper as not supported by the competent and credible evidence. We affirm.

We are able to determine the following facts from the record provided to us. The parties own three properties as tenants in common on First Street, Sussex Avenue, and Camden Street in Newark. Defendants, Patel, and Sheth each own a one-third interest in the First Street property, and the defendants and Sheth each own a fifty-percent ownership interest in the Sussex Avenue and Camden Street properties.

At some point in October 2017, a dispute arose regarding the distribution of rent and the payment of expenses at the properties. Subsequently, plaintiffs filed a seven-count verified complaint seeking a partition of the properties under N.J.S.A. 2A:56-1 to -44 and Rule 4:63-1. Plaintiffs also pled causes of action for conversion and partnership oppression. Plaintiffs further alleged that defendants breached the parties' contract, their fiduciary duties, and the

---

[1] For ease of reference and intending no disrespect, we refer to defendants by their first names.

covenant of good faith and fair dealing, and sought equitable relief, damages, an accounting, dissolution of the partnership, and an inspection of all books and records. Defendants answered the complaint and asserted counterclaims sounding in breach of contract, unjust enrichment, promissory estoppel, conversion, fraud, and partition.[2]

The court held a trial on the partition claim on March 7, 2019. The court reviewed documentary evidence and also considered the testimony of Rahul,

---

[2] The March 13, 2019 order also references August 16, 2018, October 22, 2018, and October 24, 2018 orders. The August 16, 2018 order required that the properties be "listed for sale with a licensed real estate broker . . . and sold for the highest and best offer available on the open market." It further ordered that any proceeds from the sales be placed in escrow. The October 22, 2018 order required that the defendants comply with a July 17, 2018 order to turn over financial documents related to the properties and stated that a rent receiver would be appointed to manage the properties. The October 24, 2018 order appointed David Dubrow as the rent receiver.

Notably, defendants' notice of appeal seeks review of only the March 13, 2019 order. It is well settled that a party's appeal is limited to those judgments or orders, or parts thereof, designated in the notice of appeal. Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1 (2020). Further, it is unclear from the record provided how the court resolved the non-partition claims raised by the parties. In any event, the parties have not briefed any issue other than those related to the court's March 13, 2019 order and we accordingly consider any challenge to any ruling by the court related to the non-partition claims waived. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2020).

A-3246-18T2

Patel, Sheth, Mark Bunimovich (Bunimovich), the current property manager, and Atif Joseph (Joseph), a tenant of the Sussex Avenue property.

Rahul testified that in January 2018 he limited plaintiffs' access to "income generated from [the] properties." He further stated that he kept the cash collected for the rent in his "car," "jacket," or "pant[s]." Moreover, Rahul noted that he did not deposit any of this money in the bank account associated with the properties and was not providing an accounting of the income on "a month-to-month basis."

Patel testified that he owned a one-third interest in the First Street property. He further stated that profits generated from the property were historically distributed in proportion to his ownership interest. Patel also stated that he was "excluded . . . from access to [the] accounting information" in October 2017. Likewise, Sheth testified that Rahul failed to respond to his request for an accounting in October 2017. Sheth further stated that Rahul removed all the furnishings from the Camden Street and Sussex Avenue properties.

Bunimovich testified to the condition of the properties and the current tenants. Specifically, Bunimovich stated that First Street was "fully occupied,"

A-3246-18T2

that Camden Street was vacant and required a "substantial amount of work," and that Joseph is the only tenant at Sussex Avenue.

Joseph testified that he had lived at Sussex Avenue for approximately two years and paid rent directly to Rahul. Joseph further noted that prior to Bunimovich taking over the properties, "[eleven] or [twelve]" people lived at the Sussex Avenue property and that some of them paid their rent to Rahul. He also stated that he witnessed Rahul and his staff remove furniture from the property in 2018.

The trial proceedings continued on March 13, 2019, when the court addressed all of the "debits and credits" by conscientiously considering the parties' documentary evidence. The court determined that the properties would be sold with Sheth receiving $32,665.52 in net credits from the sale of the Camden Street and Sussex Avenue properties. The court further determined that Sheth and Patel would each receive $13,974.13 in net credits from the sale of the First Street property. Moreover, the court stated that the "credits shall be deducted from defendants['] share . . . of the proceeds of sale from the first closing and prior to any disbursement to defendant[s] from any subsequent closing[.]" Furthermore, the court ordered Sheth to be reimbursed $9,992.20 "from defendant[s'] . . . share of the first closing for credit line . . . payments

[made by Sheth]."  The court further appointed Luis Nogueira of Exit Realty to "market and sell each of the [properties]" and Terri Nitti to "transact and close the sale[s]."

In support of its decision the court stated that it found Rahul's testimony "wholly incredible."  Specifically, the court noted that defendant "contradict[ed] himself" stressing that it had "[never] seen a witness who was so self-contradictory[.]"  The court further stated that "[the defendant] was very fortunate that [the court] made the adjustments [it] made given the fact that his overall testimony, itself, left much to be desired."

The scope of our review of a non-jury case is limited.  Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011).  The findings on which a trial court bases its decision will "not be disturbed unless they are so wholly and supportable as to result in a denial of justice[.]"  Rova Farms Resort v. Investor's Ins. Co. of Am., 65 N.J. 474, 483-84 (1974) (citation omitted).  Our review, in such circumstances, is limited to determining whether the findings of the trial judge could reasonably have been reached on sufficient credible evidence on the record considering the proofs as a whole.  We must give due regard to the ability of the factfinder to assess credibility.  See Balsamides v. Protameen Chemicals, 160 N.J. 352, 368 (1999).  The trial court's decisions on issues of law are,

however, subject to plenary review.  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).  "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Ibid. (citations omitted).

Partition is an equitable remedy by which property, held by at least two people or entities as tenants in common or joint tenants, may be divided.  Newman v. Chase, 70 N.J. 254, 260-61 (1976); see also N.J.S.A. 2A:56-1 to -44; R. 4:63-1.  When property is subject to partition, a physical division of the property is one possible remedy.  N.J.S.A. 2A:56-2 provides that "[t]he superior court may, in an action for the partition of real estate, direct the sale thereof if it appears that a partition thereof cannot be made without great prejudice to the owners, or persons interested therein."  The manner in which property is partitioned is "within the discretion of the court."  Greco v. Greco, 160 N.J. Super. 98, 102 (App. Div. 1978) (citing Newman, 70 N.J. at 263).  Nevertheless, "the law favors partition in kind."  Swartz v. Becker, 246 N.J. Super. 406, 412 (App. Div. 1991).

As noted, defendants assert that the trial court "failed to properly award damages and did not make proper factual findings" to support the final judgment.  First, we note that defendants fail to cite specifically to the record to

support their arguments. As we stated in <u>Spinks v. Twp. of Clinton</u>, parties have a "responsibility to refer us to specific parts of the record . . . [and] may not discharge that duty by inviting us to search through the record ourselves." 402 N.J. Super. 465, 474-75 (App. Div. 2008) (citing <u>State v. Hild</u>, 148 N.J. Super. 294, 296 (App. Div. 1977)) (finding that it is improper to request the court to "scour sixty-one pages of plaintiffs' appendix, as well as computer disks[,] without informing [the court] of what particular pages supposedly support their argument"). It was therefore improper for defendants to request that we review 246 pages of trial transcript and 478 pages of the appendix to determine if any of their arguments had substantive support.

Despite this procedural deficiency, we have considered and reject defendants' arguments on the merits. We are satisfied that the court reviewed each of the disputed credits and debits of the parties and made corresponding factual and credibility findings which are amply supported by the record and that warrant our deference. <u>Rova Farms</u>, 65 N.J. at 483-84; <u>Balsamides</u>, 160 N.J. at 368.

To the extent we have not addressed any of defendants' arguments, it is because we find them without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E)

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3246-18T2