**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0458-24

STEPHEN SHURINA,

     Plaintiff-Respondent,

v.

SUSAN SHURINA,

     Defendant-Appellant.

_____

        Argued October 6, 2025 – Decided November 14, 2025

        Before Judges Natali and Bergman.

        On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. C-000109-23.

        Robert A. Russell argued the cause for appellant.

        Matthew R. Ehrhardt argued the cause for respondent (Carluccio, Leone, Dimon, Doyle, Gutman & Petro, LLC, attorneys; Matthew R. Ehrhardt, of counsel and on the brief).

PER CURIAM

Defendant Susan Shurina appeals from a default judgment entered after a proof hearing which granted plaintiff Stephen Shurina partition of a property owned by the parties through a buy-out of defendant's interest. After our review of the record and relevant legal principles, we affirm.

I.

This matter concerns a partition of real property owned by the parties as tenants-in-common. Plaintiff and defendant are siblings. In August 2008, they jointly purchased a seasonal bungalow located in Highlands. The property was acquired without a mortgage, with plaintiff initially taking title through his business LLC. Subsequently the LLC's interest was deeded directly to plaintiff personally and ultimately was deeded to the parties as tenants in common.

The intention was to use the property as a vacation residence for their respective families. The parties' relationship deteriorated following disputes over the use of the bungalow, each alleging hostility from the other. There were also several failed attempts to negotiate a time-sharing arrangement or a buyout.

On August 15, 2023, plaintiff filed a verified complaint in the Chancery Division seeking partition. The complaint requested division of the property "based on equitable contribution or, if the court sees fit, a partition sale of the premises," as well as costs and legal fees. Defendant was personally served at

2

her residence in the State of New York on August 21, 2023. The process server's affidavit stated that defendant "confirmed herself as the defendant but refused service," therefore, the summons and complaint were left "at her feet" and service was "announced."

Defendant failed to file an answer or otherwise formally respond to the complaint. As a result, on November 17, 2023, plaintiff obtained default and a default judgment ordering partition through a sale of the property. On January 31, 2024, plaintiff moved to reopen and amend the default judgment to permit him to purchase defendant's interest for $50,000, based on an appraisal he had obtained and submitted stating the fair market value of the property was $100,000. The face of the motion shows it was mailed to defendant at her New York address. The trial court granted the unopposed motion and entered an amended judgment on February 22, 2024, providing defendant forty-five days to execute a quitclaim deed in exchange for $50,000 certified funds, and if she failed to do so, plaintiff's counsel was empowered as attorney-in-fact to execute a deed.

On April 10, 2024, before the forty-five days expired, through counsel, defendant moved to vacate the judgment and to dismiss the complaint based on improper service, excusable neglect, and failure to state a claim. Plaintiff

3

opposed the motion.  On April 26, 2024, the trial court granted defendant's motion to vacate the final judgment on service grounds, denied dismissal of the complaint, and ordered defendant to answer within thirty days.  On May 28, 2024, the parties stipulated to extend defendant's time to answer until June 25.

Despite the extension, defendant failed to file an answer or other responsive pleading.  On July 12, 2024, plaintiff again requested default which was entered on that date.  On July 16, 2024, plaintiff moved for entry of default judgment, again seeking an order to buy out defendant's 50% interest for $50,000, consistent with the appraisal.  Defendant opposed, arguing lack of statutory authority for a forced buyout, improper procedure, and unenforceability on account of property restrictions.

On September 11, 2024, by way of a written decision, the trial court entered default judgment for liability in favor of plaintiff and ordered a proof hearing be held on the reasonableness of the proposed $50,000 buyout.  The proof hearing was conducted on October 8, 2024.  Plaintiff presented testimony from Michael Pallitto, a certified real estate appraiser, concerning his appraisal opining the property's fair market value was $100,000.  Defendant was permitted to cross-examine the appraiser but was barred from introducing independent affirmative evidence of value due to her default status.

A-0458-24

On October 11, 2024, the trial court rendered an oral statement of reasons on the record, requiring plaintiff to pay defendant $50,000 as a buyout for her interest in the property within thirty days and for defendant to provide a signed, notarized quitclaim deed which, if not returned within forty-five days, authorized plaintiff's counsel to execute the deed by limited power of attorney. The court issued a written order reflecting its decision on the same date.

On appeal, defendant challenges the judgment asserting the trial court erred because: (1) the court failed to provide findings of fact and conclusions of law pursuant to Rule 1:7-4; (2) N.J.S.A. 2A:56-2 did not "empower the trial court to grant the plaintiff the final relief ordered as a matter of law and, as a matter of fact," because plaintiff did not request such relief in his complaint; (3) the defendant was never properly served and the court lacked personal jurisdiction over her; and (4) the court acted arbitrarily and capriciously in the granting the final order.

II.

The grant of a default judgment is reviewed under an abuse of discretion standard. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). Further, we apply a deferential standard to our review of the factual findings of the trial judge. Balducci v. Cige, 240 N.J. 574, 594-95 (2020). "Reviewing

appellate courts should 'not disturb the factual findings and legal conclusions of the trial judge' unless convinced that those findings and conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant, and reasonably credible evidence as to offend the interests of justice.'" Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)).  We give deference to findings of fact particularly because the judge has an "opportunity to hear and see the witnesses who testified on the stand." Balducci, 240 N.J. at 595.

We review questions of law de novo.  Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019).  "[A] trial court's interpretation of the law and the legal consequences flowing from established facts are not entitled to any special deference."  Ibid.  (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

A.

We first address defendant's argument that the trial court failed to adequately provide findings of fact and conclusions of law pursuant to Rule 1:7-4.  We conclude these arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We add only that the trial court entered detailed findings of fact and conclusions of law pursuant to Rule

6

1:7-4 in its September 11, 2024 written decision concerning its order for the entry of default and judgment for liability against defendant, and in its October 11, 2024 oral decision entering judgment and permitting plaintiff to effectuate a partition through a buy-out of defendant's interest for $50,000.

## B.

We now turn to defendant's contentions that the trial court erred because (1) it did not have the legal or statutory authority to grant plaintiff a buyout under the partition statute, N.J.S.A. 2A:56-2; and (2) plaintiff's complaint failed to request a buyout, or alternatively, the evidence did not support the $50,000 buyout amount ordered.

We address each of defendant's contentions in turn. Under the relevant statute, "[t]he superior court may, in an action for the partition of real estate, direct the sale thereof if it appears that a partition thereof cannot be made without great prejudice to the owners, or persons interested therein." N.J.S.A. 2A:56-2. (Emphasis added).

Partition is an equitable remedy allowing multiple parties to obtain an order dividing property or compelling its sale. Newman v. Chase, 70 N.J. 254, 261 (1976); see also Greco v. Greco, 160 N.J. Super. 98, 101-02 (App. Div. 1978) (citing Newman, 70 N.J. at 263). Whether and how partition is ordered

A-0458-24

is within the discretion of the court since "the statutory language is permissive rather than mandatory." Greco, 160 N.J. Super. at 101-03 (quoting Newman, 70 N.J. at 263).

A chancery court has broad discretion "to adapt equitable remedies to the particular circumstances of a given case." Marioni v. Roxy Garments Delivery Co. Inc., 417 N.J. Super. 269, 275 (App. Div. 2010) (citations omitted); see also Salorio v. Glaser, 93 N.J. 447, 469 (1983) (noting equitable remedies "are distinguished by their flexibility, their unlimited variety," and "their adaptability to circumstances").

Because partition is a creature of equity, our standard of review of the terms of partition ordered by a chancery judge is limited. In such equitable contexts, we will not set aside the judge's determination unless it is shown to be arbitrary or capricious or an abuse of discretion. See In re Queiro, 374 N.J. Super. 299, 307 (App. Div. 2005) (affording "great deference" to a chancery judge's findings); Lohmann v. Lohmann, 50 N.J. Super. 37, 44-45, (App. Div. 1958) (finding that a trial court's factual determinations should not be lightly disturbed on appeal).

After our review of the record, we determine the trial court did not err in its application of the law regarding the mode of partition through a buyout of

8

defendant's interest by plaintiff. We reject defendant's core contention that N.J.S.A. 2A:56-2 solely permits a partition through sale of the property. As we determined, the statute is permissive rather than mandatory. The method of partition is left to the trial court's discretion in order to reach the most equitable allocation. See Newman, 70 N.J. at 263. We see no abuse of discretion or arbitrariness by the trial court utilizing a buyout as the methodology of partition rather than a sale, nor does the record show any great prejudice to defendant.

In addition, the relief in plaintiff's complaint requested "partition." As we previously determined, the trial court has discretion over the methodology of the partition. Therefore, we conclude by requesting "partition," plaintiff's complaint adequately provided defendant with notice of plaintiff's requested buyout relief.

We further note, defendant was specifically notified of the plaintiff's request to buyout her interest for $50,000 during the motion proceedings where she requested to vacate the first default judgment. The vacated judgment dated February 22, 2024 specifically provided:

> [T]he court[']s [o]rder of November 17, 2023, is hereby amended to allow the [p]laintiff to buy out the [d]efendant[']s interest in the property for $50,000 which represents half of the property's fair market value. The [p]laintiff, upon execution of this order, shall provide the [d]efendant with

1.  A copy of this order;
2.  A proposed Quitclaim deed; and
3.  Tender $50,000.00 in certified funds.

We determine defendant was fully aware of plaintiff's buyout methodology and his proposed valuation of the property supporting the $50,000 buyout request at the time she filed her motion to vacate the first default judgment. Therefore, we conclude defendant was provided adequate notice of the specific relief requested by plaintiff well before the proof hearing was held.

We turn to defendant's contention that the court abused its discretion in valuing the property at $100,000 and by calculating defendant's 50% share at $50,000. The court relied on the testimony and the appraisal of plaintiff's expert to support its findings. The court specifically found the testimony of plaintiff's expert and the opinion of valuation in his appraisal was "within a reasonable degree of probability [the] house [was] valued . . . [at] $100,000 and makes such showing by a preponderance [] of the evidence." We owe particular deference to the court's credibility determinations. St. George's Dragons, L.P. v. Newport Real Estate Group, LLC, 407 N.J. Super. 464, 481 (App. Div. 2009) (citing State v. Locurto, 157 N.J. 463, 474 (1999)). We conclude the trial court's valuation of the property was supported by substantial credible evidence in the record, specifically, plaintiff expert's testimony. Having determined the court did not

A-0458-24

err in either its method of partition or in its valuation of defendant's interest, we conclude defendant's argument on these points fail.

Finally, we address defendant's contention of defective service and the court's lack of jurisdiction over her as a basis for reversal. We conclude these arguments lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We note that defendant's motion to vacate the default judgment was granted and she was required to file an answer within thirty days, which was then extended for approximately one month by consent. Defendant failed to challenge this order, which also had denied her motion to dismiss plaintiff's complaint based on the same defective service/jurisdictional argument. We discern no reason to revisit this determination as defendant was fully aware of the complaint and failed to answer such within the time permitted by the order and stipulated extension.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

11

A-0458-24